# Fountain's Adm'r *v.* Ware.

## *Action on Common Counts.*

1. *Bill of particulars.*—The main object of bills of particulars is to prevent surprise, and liberal rules are applied in their construction: where the complaint contains only the common counts, but the only matter of controversy between the parties, as shown by the plea, replication thereto, and depositions on file, is the validity of an order drawn on the defendants in the plaintiff's name, and paid by the defendants, and which the plaintiff insisted was a forgery, there is no error in refusing to dismiss the suit on account of the failure to furnish a definite bill of particulars.

2. *Reading deposition taken by adverse party.*—Where a party offers in evidence a deposition taken by his adversary, he thereby makes it his own, in all

respects as if taken by himself; but he is not compelled to read irrelevant portions, when not responsive to the interrogatories.

3. *General objection to evidence.*—A general objection to a mass of evidence, some of which is legal, may be overruled entirely; and a general exception to the exclusion of a mass of evidence, some of which is legal, can not be sustained.

4. *Waiver of objection to responsive answer.*—If a party fails to object to an interrogatory, he can not object to the answer, if responsive.

5. *General charge on evidence.*—When the plaintiff's evidence is direct and positive, and without conflict on any material point, and no evidence at all is offered by the defendant, the court may charge the jury, on request, that they must find for the plaintiff if they believe the evidence.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JAMES E. COBB.

This action was brought by Henry Ware, against Benjamin Fountain, as a partner in the late firm of Fountain & Hughes; and was commenced on the 2d February, 1869. The defendant having died, the suit was revived against James H. Shorter, as his administrator. The complaint contained only the common money counts, claiming $500 as due from said Fountain & Hughes on the 9th February, 1866, on an account then stated between them and said plaintiff, for money had and received, and for goods sold and delivered. The original defendant pleaded "payment of the demand for the recovery of which this suit is brought, and, as evidence thereof, he herewith makes profert of a draft for $500, drawn by said Henry Ware, and paid by defendant;" to which the plaintiff replied, that the said order or draft was a forgery, and was not signed by him, nor by his authority; and this seems to have been the only matter in controversy in the case.

The defendant served notice on the plaintiff, demanding an "inspection of the list of items composing the account sued on;" and on the trial, both parties having announced themselves ready, he moved to dismiss the suit, because no copy of the account had been furnished to him or his counsel. "The plaintiff's counsel then offered an account attached, as an exhibit, to the interrogatories filed to W. H. Hughes and W. H. Fleming," whose depositions had been taken at the instance of the defendant, "in compliance with said demand, with notice that he only claimed the one item of $500, with interest thereon." Said W. H. Hughes was the partner of said Fountain in the firm of Fountain & Hughes, and Fleming was their clerk and book keeper. The account referred to was a statement of plaintiff's account with said firm during the years 1866 and 1867, they being warehousemen and commission merchants; and the item specified was under date of February 12, 1866, in these words: "To cash paid, order fav'r B. S. Ware, $500." The court overruled the motion to dismiss the suit, and the defendant excepted.

The depositions of said Hughes and Fleming were taken on interrogatories filed by the defendant, and cross interrogatories by the plaintiff. They testified to the correctness of the account attached to the interrogatories, to the presentation of said draft for $500 by B. S. Ware, who was plaintiff's brother, and to the payment of said draft by Fountain & Hughes; also, that plaintiff always denied the genuineness of the draft, and never acknowledged its validity so far as they knew; and that on several settlements subsequently made between plaintiff and said Fountain & Hughes, this item was tacitly left unsettled. The defendant having declined to read the depositions of said witnesses, "the plaintiff offered to read them, or such portions thereof as he desired; to which the defendant objected, unless the whole of said depositions was read as testimony for the plaintiff; which objection the court overruled, and the defendant excepted." The decision of this court renders it unnecessary to copy those portions of the depositions which the plaintiff declined to read, or to notice in detail the several exceptions reserved in connection with those portions of the depositions. The defendant introduced no evidence. On all the evidence adduced, which it is not necessary to state at length, the court charged the jury, on the written request of the plaintiff, "that they must find for the plaintiff, if they believe the evidence;" to which charge the defendant excepted.

All the rulings of the court to which exceptions were reserved by the defendant are now assigned as error.

JAMES M. RUSSELL, for appellant.

GEO. W. GUNN, and L. W. MARTIN, contra.

STONE, J.—We are not able to find any error in the several rulings of the Circuit Court. The rule in regard to bills of particulars is one of practice, the main object of which is to prevent surprise. Liberal rules are applied in their construction; and when, as in this case, it is manifest that each party knew, not only "something about the matter," but was fully apprised that the five hundred dollars, paid on an order alleged to have been forged, was the foundation of the suit, the court rightly overruled the motion to dismiss plaintiff's suit on this account.—See *Pryor v. Johnson*, 32 Ala. 27; *Robinson v. Allison*, 36 Ala. 525.

When one party to a suit offers testimony taken by the other, he thereby adopts the witness as his own, vouches for his credibility, and must, in all things, submit to the same

intendments and rules, as if he had first sought to make him a witness.—*Jewell v. Center*, 25 Ala. 498. The rule, however, does not require that he shall read irrelevant evidence. He could have suppressed that, even in a deposition taken by himself, not being responsive to the interrogatory. He has the same right in reference to testimony taken by his adversary. Each mass of testimony, not read by plaintiff, and to which only a general exception was reserved, contained some irrelevant testimony; and the Circuit Court did not err in this respect.

There was objection and exception to portions of James Ware's deposition. Most of it was responsive to interrogatories, which had been crossed without objection; and, if there was any part that was not so responsive, it was objected to in a mass with other evidence that was responsive, and the court did not err in overruling the objection.—1 Brick. Dig. 886, § 1186; *Ib.* 558, § 122; *Wilkinson v. Mosely*, 30 Ala. 562; *Walker v. Walker*, 34 Ala. 469.

We find no evidence in this record, tending to show that Henry Ware authorized B. S. Ware, or any other person, to draw the order on which the five hundred dollars were paid, or that he ratified the act afterwards. The testimony being direct, and without conflict, the Circuit Court did not err in the charge on the effect of the evidence.

The judgment is affirmed.