# King v. Hill.

## Ejectment.

(Decided April 6, 1911.  55 South. 205.)

1. *Taxation; Sales; Notification; Non-Resident; Notice.*—Considering together sections 2268, 2269, 2271, and 2273, Code 1907, it is held that where the person was a non resident, it was not necessary to give the notice prescribed by section 2271, Code 1907, as publication was provided for in such a case.

2. Trial; *Reception of Evidence; Objection; Waiver.*—A specific objection to evidence is a waiver of all other grounds of objection.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Ejectment by C. M. Hill against W. J. King. Judgment for plaintiff and defendant appeals. Reversed and remanded.

G. W. DARDEN, and H. K. WHITE, for appellant. The court does not contemplate that the notices to non residents should be the same as to residents in a tax sale. The notice by publication is provided and that is all that is necessary. A fundamental condition to the validity of a tax deed is that they should substantially comply with the law in all the proceedings of which the sale was the culmination.—*Smith v. Cox,* 115 Ala. 503. It follows from the above that the court was in error in not permitting the defendant to show the tax proceedings under which he claimed title.

GOODHUE & BLACKWOOD, for appellee. Notice by publication is only constructive notice, and to support it, all the facts necessary to excuse actual service must be shown.—*Carlisle v. Watts,* 78 Ala. 486; *McGhee v. Fleming,* 82 Ala. 276; *Rid-*

*dle v. Messer,* 84 Ala. 236; *Howze v. Dew,* 90 Ala. 178. There is no evidence whatever that the tax collector ever reported to the probate court that he was unable to collect the taxes assessed without a sale of the land.—*Johnson v. Harper,* 107 Ala. 706; *National Bank v. Baker Hill Co.,* 108 Ala. 635. It, therefore, follows that the proceedings leading up to the tax sale were inoperative and the court was not in error in excluding evidence of the tax sale.

SIMPSON, J.—This is a statutory action of ejectment by the appellee against the appellant. The plaintiff proved a legal title to the land, and the defendant set up title under a tax deed and the proceedings upon which the said deed is based. It was admitted that the land in question "had been legally assessed to said C. M. Hill by the tax assessor of Blount county for state and county taxes for the year 1904, along with other lands assessed at the same time and in the same assessment by said tax assesor to the plaintiff, C. M. Hill, for the said year 1904," and the probate judge, as a witness, identified the docket of delinquent causes kept in his office, containing the proper description of the land in question, assessed to said C. M. Hill, and the decree thereon. It was admitted that W. J. King was in actual possession and occupancy of said land, and had been during the year 1908 and 1909, claiming under a deed from A. E. Fields (the original purchaser at tax sale) to him, and that said Fields had taken possession under the tax deed in 1907, and retained possession until he sold and conveyed the same to the defendant in 1908. It was also admitted by the plaintiff that he was a nonresident at the time of the assessment and sale of the land for taxes. The probate judge testified that he had not issued notice to said C. M. Hill, as pre-

scribed by section 4049 of the Code of 1896 (section 2271 of the Code of 1907), because he had informed himself that said Hill was a nonresident, and resided in Texas at that time, and had been a nonresident for many years prior to that time, and that he marked on the docket of delinquent causes, under the name of said C. M. Hill, a memorandum of the fact that he was a nonresident.

The only objection offered to the introduction of the paper containing the publication of notice to said nonresident, the paper containing the notice of sale, the record of the docket of delinquent causes, the decree of sale, the tax deed to Fields, and the deed from said Fields to the defendant, was that said notice prescribed by said section 4049, Code 1896 (section 2271, Code 1907), had not been issued. The contention of the appellee is that said evidence was properly excluded, because, although the said plaintiff was a nonresident, it was the duty of the probate judge to have issued said notice, and not made the order of publication until after a return of "Not found" on said notice.

Section 2268 of the Code of 1907 authorizes the probate judge to order sales of land for the payment of taxes "when the tax collector shall report to the court that he was unable to collect the taxes assessed against such land." Section 2269 (Code of 1907) requires the tax collector to keep a docket describing the lands, stating the amount of taxes against the same, etc.; and section 2270 requires said book to be delivered to the judge of probate. This is evidently the report to be made to the judge of probate. Section 2271 provides that, "on receiving such book," "the judge of probate shall issue a notice addressed to each person against whom any unpaid taxes are assessed, as shown by said book, substantially in the following form," and then follows the

form notifying the taxpayer to appear and show cause why a decree of sale should not be rendered.

Section 2272 prescribes how said notice shall be served, and then section 2373 provides: ·"If the person against whom such assessment was made is a nonresident of the county, and has no agent therein known to the collector, or if he .has died since making the return and there is no executor or administrator of his estate residing in the county, such notice may be given by publication," etc.  The provisions of this section evidently constitute, as to nonresidents, a substitute for the previous sections as to notice and return thereon, before the publication.  The publication is not based upon the ascertainment of the nonresidence by any particular mode, but merely upon the fact of nonresidence.

The objection was not made upon the ground that it was not shown that said nonresident "has no agent therein known to the tax collector" (which proof might have been supplied, if that objection had been. suggested), but solely and entirely on the failure to have given the notice prescribed by section 2271, which we hold was not necessary.  Making the specific objection was a waiver of all other grounds of objection.—*Bibb & Falkner v. Bonds,* 57 Ala. 509, 510; *Massey v. Smith,* 73 Ala. 173-175.  It results that the court erred in sustaining said objection.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

McClellan, Mayfield, and Sayre, JJ., concur.