## DIXIE INDUSTRIAL CO. v. BANK OF WETUMPKA. (5 Div. 812.)

(Supreme Court of Alabama. April 6, 1922.)

**1. Bills and notes ⊜⇒499—Burden of proof of plea of payment is on defendant.**

In an action on notes by a payee against the maker where plaintiff discharged prima facie its burden of proof by introducing the notes and left the actually litigated issue that tendered by defendant's plea of payment, the burden of proof to sustain the plea was on defendant.

**2. Corporations ⊜⇒430—Corporation held to have cause of action against creditor of an officer receiving corporation's funds in payment of officer's indebtedness.**

A corporation has a cause of action against a creditor of an officer of the corporation, who, with knowledge of the facts, accepts from such officer corporate funds in payment or discharge of the officer's individual indebtedness, unless the corporation validly authorized such appropriation of its funds or subsequently ratified the act; the officer and his creditor, in the absence of such authority or ratification, being joint tort-feasors.

**3. Bills and notes ⊜⇒489(3) — Evidence of cross-demand for wrongful appropriation of debtor's money by plaintiff creditor is not admissible under plea of payment.**

In bank's action against a corporation on the corporation's $3,000 note, evidence that defendant's former president undertook to pay his individual note of $2,000 to the bank with the corporation's $2,000 check on the corporation's account with the bank, which facts he knew, did not support defendant's plea of payment in whole or in part; as "voluntary payment," set up by the plea, involves, among other things, the debtor's intention to pay the debt, in whole or in part, and a cross-demand, no matter how clearly established, is not "payment," but can become so only by agreement of the parties.

**4. Evidence ⊜⇒121(8) — Witnesses ⊜⇒174 — Statement of deceased president of a corporation that note sued on was debt of corporation held properly admitted.**

Under Code 1907, § 4007, prohibiting testimony as to a statement of a deceased person who acted in a representative or fiduciary relation to a party against whom such testimony is sought to be introduced except when such testimony is called by the party to whom such interest is opposed, in an action by a payee of notes against a maker, defended on the ground of payment, to support which defendant introduced evidence that the notes were given by its deceased president to pay his own individual debt which was known by plaintiff, a statement of defendant's president at the time of the transaction that the debt in question, though apparently the individual debt of defendant's president, was in fact the debt of the defendant, arranged so as to enable defendant to secure a loan larger than allowed by law was admissible being under the exception provided in the statute, and a part of the res gestæ.

**5. Trial ⊜⇒75—Objection to testimony on a special ground held a waiver of all other grounds of exception.**

In an action by a payee of notes against a maker, an objection by defendant to the admission of testimony on the special ground that it was a statement of defendant's deceased president who was acting in a fiduciary capacity as to defendant, rendering its admission contrary to Code 1907, § 4007, was a waiver of all other special grounds of objection.

**6. Trial ⊜⇒83(2)—Objection that evidence is incompetent, irrelevant, immaterial, and illegal is sufficient only where the testimony is wholly inadmissible.**

The objection to evidence that it is incompetent, irrelevant, immaterial, and illegal, if not further qualified in effect by special grounds of objection, is sufficient only where the testimony is upon its face wholly inadmissible and when no extrinsic fact is necessary to disclose its inadmissibility.

**7. Appeal and error ⊜⇒204(2)—Objection to admission of testimony cannot be first made on appeal.**

In an action by a payee of notes against a maker, an objection to testimony of a statement by defendant's deceased president on the ground that he was adversely interested to defendant and that plaintiff knew of such adverse interest at the time of his making the statement, not presented to the trial court, cannot be invoked for the first time on appeal.

**8. Appeal and error ⊜⇒1008(1)—Where considerable part of testimony was oral, a conclusion thereon adverse to appellant will not be held error on appeal.**

Where a material part of testimony was oral, a conclusion thereon adverse to an appellant will not be disturbed on appeal.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Assumpsit by the Bank of Wetumpka against the Dixie Industrial Company upon certain notes. Judgment for plaintiff, and defendant appeals. Affirmed.

The notes referred to in the opinion are as follows:

Note of $3,000 dated May 26, 1917, payable December 1, 1917.

Note of $4,476.14, dated February 15, 1916, payable February 15, 1917.

Note for $4,000, dated January 14, 1914, payable March 15, 1914.

The complaint avers that each of said notes is for the same indebtedness, one being renewal of the other, less the credit. The following is the letter marked "Exhibit A":

May 26, 1917.

Dixie Industrial Company, Benson, Alabama —Gentlemen: Referring to your promissory note which you are this day making and delivering to us for the principal sum of three thou-

sand dollars dated this day and due "by the first day of December, nineteen hundred and seventeen," and to the conversation of our Mr. Gaddis with your Mr. Brooks concerning the character of the old obligations which are renewed by the said note and as to whether or not any credits should be allowed which have not been allowed, we have to say that of course on the due date of the said note or at such other time as it may be convenient of the parties to take the matter up we will allow you such credits as the facts after investigation will show that you should have been allowed.

Yours truly, Bank of Wetumpka, by John A. Gaddis, Vice President.

Rushton & Crenshaw, of Montgomery, for appellant.

The presumption attending the finding of the court without the jury does not apply, where the evidence is documentary or without practical dispute. 196 Ala. 403, 72 South. 52; 16 Ala. App. 346, 77 South. 940; 17 Ala. App. 287, 84 South. 427. As between the original parties, a renewal note is open to all the defenses which might have been made against the original. 8 C. J. 444; 123 Ala. 452, 26 South. 535, 82 Am. St. Rep. 135; 70 Ala. 406. One receiving from an officer of a corporation the notes or securities of a corporation in payment of or as security for the personal debt of such officers does so at his peril, and is liable to a corporation depositor, where the deposit is used to pay any debt of the officer of the corporation to the bank. 120 N. Y. 145, 24 N. E. 384, 17 Am. St. Rep. 625; 188 Ill. 34, 58 N. E. 598. 80 Am. St. Rep. 165; 67 N. J. Law, 301, 51 Atl. 497, 91 Am. St. Rep. 440; 94 Ala. 466, 10 South. 546; 105 Ala. 180, 16 South. 707; 16 Ala. App. 327, 77 South. 921; 74 Ala. 435; 14 C. J. 111; 211 Mass. 409, 97 N. E. 916, L. R. A. 1915C, 518, and note. The statement of an officer or an agent is not binding on a corporation, where made in its own interest, and the other party knows of the agent's adverse interest to that of the corporation. 71 Fed. 797, 19 C. C. A. 118; 188 Ill. 34, 58 N. E. 598, 80 Am. St. Rep. 165; 111 U. S. 156, 4 Sup. Ct. 345, 28 L. Ed. 385; 143 N. Y. 559, 38 N. E. 713; 3 Fletcher's Corp. 3336; 12 Rose's Notes, 490, 491. A principal is not bound by notice to his agent, when the agent is adversely interested to the principal in the transaction. 82 Ala. 158, 2 South. 758, 60 Am. Rep. 736; 202 Ala. 170, 79 South 651.

James W. Strother, of Dadeville, and Holley & Milner, of Wetumpka, for appellee.

The finding of the court is presumptively correct. 199 Ala. 152, 74 South. 62; 196 Ala. 404, 72 South. 52; 170 Ala. 469, 54 South. 493. Objection to testimony on specific grounds is a waiver of other grounds. 179 Ala. 136, 59 South. 584; 158 Ala. 502, 48 South. 472; 173 Ala. 516, 55 South. 997. As between the original parties, a renewal note is subject to all the defenses which might be made against the original note; but where the defense is such that it can be waived by the renewal, it cannot be urged against the renewal. 8 C. J. 444; 189 Ill. 256, 59 N. E. 623, 82 Am. St. Rep. 448. There must be no variance between the pleading and the proof. 170 Ala. 623, 54 South. 168. The promise was without consideration. 33 Ala. 265. By calling Gaddis as a witness, it put Gaddis within the exception to the general rule. 145 Ala. 354, 40 South. 965. No payment was shown in this case. 167 Ala. 461, 52 South. 402; 30 Cyc. 1181; 99 Cal. 89, 33 Pac. 737, 37 Am. St. Rep. 32.

McCLELLAN, J. The plaintiff, appellee, declared on three notes, of the respective dates of execution and of maturity stated in the report of the appeal. There was judgment for the plaintiff for the full amount claimed, the trial being by the court without jury.

[1, 2] It seems to be accepted by both parties that these notes were evidences of but one indebtedness that, aside from payments, had been enhanced by interest, etc., and were, to the extent of their just obligation, renewals, in order, of such original indebtedness. In addition to the general issue, the defendant (appellant) pleaded payment only, in short by consent. The plaintiff discharged, prima facie, its burden of proof by introducing the notes, leaving the actually litigated issue that tendered by the plea of payment (in short by consent), to sustain which the burden of proof was upon the defendant. Read from the evidence, the defendant's theory was that on March 13, 1914, defendant's former president, Benson, since deceased, gave plaintiff, as the payee in Benson's individual note for $2,000—and which was fully advised of Benson's official relation to defendant—the defendant's check for that amount on defendant's current deposit account with the plaintiff to pay plaintiff Benson's individual debt to the plaintiff. If sustained by the evidence directed to its support, this theory would invoke the application of the established principle that creates in a corporation (as well as in others similarly circumstanced) a cause of action against the thus advised acceptor of corporate funds in payment or discharge of the individual indebtedness of the corporate officer; unless, of course, the corporation validly authorized such an appropriation of its funds or subsequently ratified the act which, otherwise, constituted the corporate officer and the receiptor of such misappropriated funds joint tort-feasors in the premises. Sayre v. Weil, 94 Ala. 467, 474, 10 South. 546, 15 L. R. A. 544; Coleman v. Siler, 74 Ala. 435; Bronaugh v. Evans, 204 Ala. 153, 85 South. 556; Wolffe v. State, 79 Ala. 201, 58 Am. Rep. 590; Nat. Bank v. Ins. Co., 104 U. S. 54, 26 L. Ed. 693; C. J. 14 A, p. 111;

Wheeler v. Bank, 188 Ill. 34, 58 N. E. 598, 80 Am. St. Rep. 161, 165. See Amer. Bonding Co. v. Bank, 205 Ala. 652, 88 South. 838. The principle is sound; but the primary inquiry presented on this record is whether the trial court erred in law or in finding of fact in respect of the principle's application.

[3] It is to be borne in mind that the action is at law on contracts to pay money; that no element of accounting, between the parties, is involved; and that the plea is payment, not set-off or recoupment, nor accord and satisfaction. The plea, payment, asserted, in effect, that the defendant paid, in whole or in part, the obligations declared on, not, of course, some other obligation or demand. See Burke v. Thorne, 44 Barb. (N. Y.) 363; Bates v. Rosekrans, 23 How. Prac. 98. Voluntary payment, the only character of payment set up in the plea, involves, among other things, the debtor's intention to pay the debt, in whole or in part. Smith v. Pitts, 107 Ala. 461, 468, 52 South. 402, quoting definition in 30 Cyc. p. 1181.

"A cross-demand, no matter how clearly established, is not payment, and cannot be treated as such. It can become payment by the agreement of the parties to so treat and liquidate it, and in no other way." McCurdy v. Middleton, 82 Ala. 131, 137, 2 South. 721, 724, Stone, C. J., writing.

Viewed with the utmost favor to the defendant (appellant), the evidence relating to the check of March 13, 1914, did not support the plea of payment, in whole or in part, of the obligations here sued on; unless a different conclusion results from considerations referable to the plaintiff's letter to defendant dated May 26, 1917—a date coincident with the last-dated note declared on—which is reproduced in the report of the appeal. Apart from this letter, the evidence went to show that the plaintiff held Benson's individual note, payable to plaintiff, for $2,000; that on March 13, 1914, Benson, as president of the defendant, gave plaintiff's vice president a check for $2,000 on defendant's current deposit account with plaintiff bank, in payment of that note; that at the time this check was delivered Benson told plaintiff's vice president that the loan represented by that note, signed by Benson individually, was in fact a loan to or for the benefit of the defendant, alone, the transaction being cast in that form because the defendant had already borrowed from the plaintiff bank to the legal limit of loan to one borrower; and that this individual note of Benson's was surrendered to Benson (president of the defendant at the time) upon the receipt of defendant's check—the plaintiff bank making Benson, individually, a loan of $2,000 "at the time he [Benson] paid the $2,-000" with the check of March 13, 1914.

[4-7] The defendant objected to the admission of Benson's statements that the loan to pay which the check of March 13, 1914, was given plaintiff, though apparently Benson's individual debt, was in fact the debt of the defendant, so arranged for the reason indicated. The only grounds of objection were that the questions or matter were "incompetent, irrelevant, immaterial and illegal, and because it called for a conversation or transaction with a deceased person who at the time of such transaction or statement acted in a representative or fiduciary relation to defendant." The first stated grounds of objection were general; and the second ground was untenable because within the exception of the statute (Code, § 4007), and it is expressly waived in the brief for appellant. The objection to the testimony on the special ground stated was a waiver of all other special grounds. Glawson v. Wiley, 35 Ala. 328, among others. The general grounds of objection—if not further qualified in effect by the special ground also interposed—are only sufficient in cases where the testimony is, upon its face, wholly inadmissible; when no extrinsic fact is necessary to disclose its inadmissibility. Richards v. Bestor, 90 Ala. 352, 353, 8 South. 30. What Benson said to plaintiff's vice president at the time defendant's check was delivered to him and the note surrendered to Benson was of the res gestæ of the act, and hence it was not error to receive evidence of the statements attributed to Benson on that particular occasion. Benson's statements on that occasion, though made in immediate connection with his act in giving the check of March 13, 1914, was not the proper means by which to establish that Benson's individual note was, in fact, given for a loan to the defendant, as was the plaintiff's design in bringing out Benson's statements to plaintiff's vice president, since the statement of an officer or agent is not binding on the corporation to which he is so related, where he is adversely interested to the corporation and the other party knows of such adverse interest of the officer or agent to his principal. Moores v. Bank, 111 U. S. 164, 4 Sup. Ct. 345, 28 L. Ed. 385; Wheeler v. Bank, 188 Ill. 34, 58 N. E. 598, 80 Am. St. Rep. 161, 165. But this ground of objection was not suggested to the trial court; and it cannot be successfully interposed or invoked for the first time on appeal. 1 Mich. Dig. pp. 351, 352. In the circumstances disclosed by this record, the trial court cannot be held to have erred in overruling appellant's objections, as made, to the matter or statements of Benson on the particular occasion in question.

If, under the very limited issues tendered by the pleading, the plaintiff had had the burden of proof, these statements, as recited by plaintiff's vice president, went to show that in fact the loan the individual note of Benson (the president of defendant) represented was a loan for the use of defendant,

from which, under the whole evidence, it was inferable by the court, trying the case without jury, that defendant received the benefit thereof.

[8] The letter (Exhibit A) reproduced in the statement of the case, of date May 26, 1917, is without effect under the limited issues raised by the pleading. In the first place, the testimony of Messrs. Brooks and Gaddis put the material fact in controversy whether this letter was a part of the transaction wherein Mr. Brooks, as defendant's president, gave the renewal obligation of that date, May 26, 1917. The former testified to the immediate relation of the letter to the giving of that note, at a time when the defendant's estate was subject to the bankruptcy court's jurisdiction. The latter, Gaddis, referred it to a subsequent time. This element of the inquiry was in dispute. We cannot affirm on the record, where a material part of the testimony was delivered ore tenus, that a conclusion upon it adverse to appellant was error. Hacket v. Cash, 196 Ala. 403, 72 South. 52, among others in its line. Furthermore, the letter, itself, contains nothing which supports defendant's plea of payment on the original indebtedness or its renewals here declared on. It bears no admission of payments thereof. It takes no account of the matter contested, viz., whether the individual note of Benson was for Benson's individual debt or for the defendant's debt.

In view of the evidence by plaintiff's vice president that at the same time the check of March 13, 1914, was given Benson, individually, borrowed a like sum, it is proper to observe that that circumstance, however important it might be otherwise, is not of important or controlling effect in respect of the issue of payment—the sole defense interposed.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.