167 So. 572

## LOUISVILLE & N. R. CO. v. SCOTT.

### 5 Div. 140.

Supreme Court of Alabama.

Oct. 10, 1935.

Rehearing Denied Jan. 30, 1936.

Further Rehearing Denied April 30, 1936.

Chas. H. Eyster, of Decatur, Lawrence F. Gerald, of Clanton, Steiner, Crum & Weil, of Montgomery, and A. A. Griffith, of Cullman, for appellant.

286

W. A. Denson, of Birmingham, for appellee.

## On Petition for Mandamus.

FOSTER, Justice.

Final judgment was rendered for defendant on August 27, 1932.

A motion for a new trial was prepared for plaintiff and presented in person to the presiding judge in a county of the circuit other than that in which the trial was had. The judge indorsed on it an order continuing the motion to December 24, 1932, and dated the order September 7, 1932. The motion had not been filed with the clerk before it was presented to the judge and ordered continued by him. Its date of filing is September 8, 1932, after the judge had indorsed it. On December 7, 1932, the judge made another order continuing the motion "till January 10, 1933." On January 10th he made another order, and finally granted the motion.

 Petitioner here contends that when the court continued the motion to December 24, 1932, he had no jurisdiction, because the motion had not been filed before the order of continuance was made, for that the statute, section 6670, Code, provides that the motion to set aside the judgment shall first be "filed and called to the attention of the court, and an order entered continuing it for hearing to a future day."

We do not think there is any virtue in the claim that the motion must be filed before the judge orders a continuance. When the motion is filed with the order indorsed on it, they both become operative at the same time. Neither is so until it is filed with the clerk or entered on the motion docket. Mt. Vernon Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716. But when it is thus filed or entered, it is effective on that day, not the day on which the indorsement is signed by the judge. This must be done within the time required by section 6670, Code. We also in that case pointed out that the order of continuance of the motion is merely procedural, may be made by the judge, as distinguished from a constituted court, and at any place in the state, citing section 6710, Code, and several of our cases.

 Again it is insisted that the court lost jurisdiction over the motion by not acting before January 10, 1933, since the order of continuance was "till" that day—meaning before, up to, but not including. When a period of time in which an act must be done is referred to as "to," "till," or "until" a certain date, such words usually exclude the specified date. Oberhaus v. State, 173 Ala. 483, 55 So. 898; Richardson v. State, 142 Ala. 12, 39 So. 12; Heal v. State, 147 Ala. 686, 40 So. 571. But this construction is not of universal application, dependent upon the intention with which it is used as manifested by the context, and considered with reference to the subject to which it relates. 62 Corpus Juris 986. An act which provides that a term of the court shall begin on a certain day and continue until a certain Saturday, that Saturday was held to be a part of the term due to the common understanding that such was its meaning. Montgomery Traction Co. v. Knabe, 158 Ala. 458, 48 So. 501.

The order here made does not purport to prescribe a period of time in which the hearing of the motion must be had, but, as we interpret it, undertakes to specify a date for the hearing. True, until that time, the court retains jurisdiction, and may fix another time later or earlier. But the order here in question shows an intention to set

a date for the hearing. That date is January 10, 1933. That is a form not uncommonly used for fixing the date of a hearing when the word "continuance" is used. When a cause is continued "till" another date, it commonly means to designate that date as the one fixed for its hearing. Otherwise no date is fixed. We think that for the reasons stated in the Knabe Case, supra, the court fixed January 10, 1933, as the date for the hearing, and retained jurisdiction sufficient to hear it on that day, or then make another order of continuance. That was done.

The petition for mandamus is therefore denied.

### On Appeal.

In the judgment granting the motion for a new trial from which this appeal was taken by defendant, it was recited that the motion was granted on account of prejudicial error to plaintiff on the main trial in refusing to allow the testimony of Stella Mainard taken on a former trial to be introduced by plaintiff, she being then dead, as shown by grounds of the motion, numbered 56, 57, and 58, and that the other grounds should be overruled. (Record p. 152.)

Ground numbered 56 (p. 121) of the motion was based on a ruling of the court sustaining defendant's objection to the introduction of the entire testimony of Stella Mainard on a former trial of this very suit.

Grounds numbered 57 and 58 are on rulings sustaining objections to portions of the same testimony in which the witness was questioned in respect to her testimony on the trial of a different suit growing out of the same transaction, and which was contradictory of that then given in this suit. She had testified for defendant in that suit, in which the plaintiff was Lee as administratrix of Mrs. Scott, the deceased wife of the intestate of plaintiff in this suit. That will be hereafter referred to as the Lee case, to distinguish it from this. She had also testified for defendant on a former trial of this case, in which she was questioned on cross-examination about what she had said in the Lee case of a contradictory sort.

Plaintiff first offered on the trial of this suit her testimony given in the Lee case. The court sustained the objection made by defendant. Plaintiff then offered portions of such testimony. The court sustained objections to such portions. But those rulings are not included in grounds 56, 57, or 58 of the motion for a new trial.

The grounds of the motion for a new trial on which the court acted did not relate to the evidence given in the Lee case, except as it was a part of her testimony on a former trial of this case. The plaintiff then offered her testimony given in this case, including some of that in the Lee case, which had been used apparently as a predicate for impeachment. The motion for a new trial was granted on the ground that such evidence was improperly excluded by the court. So the question here is whether plaintiff had the legal right to offer the testimony of this witness thus taken for defendant on a former trial, including references to her testimony in the Lee case.

Defendant had proven on this trial by the husband of the deceased witness and by other witnesses that the whistle blew before it reached the crossing where the accident occurred. On the former trial of this case the deceased witness had so testified and on her cross-examination it was brought out that she had testified to a different effect in the Lee case.

This case has been before this court on two former appeals. Scott v. Louisville & N. R. Co., 217 Ala. 255, 115 So. 171; Louisville & N. R. Co. v. Scott, 222 Ala. 323, 132 So. 29. On the last trial counts in simple and subsequent negligence and wantonness were submitted to the jury.

Plaintiff's intestate was killed at a public road crossing. He was driving the car and his wife was also killed. Plaintiff contended that the whistle was not blown for the crossing. Defendant contended that it was. It was material to all the counts since it was a public crossing. Section 9952, Code; So. Rwy. Co. v. Diffley, 228 Ala. 490, 153 So. 746.

Plaintiff and defendant had offered testimony on that subject. Among defendant's witnesses was the husband of the deceased witness who testified that the whistle did blow before reaching that crossing, though she had testified otherwise in the Lee suit. Her testimony in that case on that point would be admissible in this case only by way of impeaching her.

"The party against whom the testimony of a deceased witness on a former trial, or in a former investigation, is offered, is allowed to make every objection which could be made, if the witness were in life, and personally offered as a witness for the first time." House v. Camp, 32 Ala. 541,

549; Crary v. Sprague, 12 Wend. (N.Y.) 41, 27 Am.Dec. 110; 22 Corpus Juris 427.

■ Mrs. Mainard was defendant's witness only for the trial in which defendant introduced her as such. But "independently of that trial [she] was not the witness of the defendants, unless they again chose to make [her] such. Had [she] been living and been introduced by the plaintiff on the second trial, it could not for a moment be contended that the defendants were not at liberty to take any exceptions to [her] testimony." Crary v. Sprague, supra. When plaintiff therefore offered her testimony, given on the former trial of this suit, he made her his own witness, and could not impeach her credibility for that trial. Fountain's Adm'r v. Ware, 56 Ala. 558; Jewell v. Center, 25 Ala. 498; Gandy v. State, 81 Ala. 68, 1 So. 35; Barker v. Bell, 46 Ala. 216.

■ Plaintiff offered the entire testimony of Mrs. Mainard taken in this case on a former trial. That testimony included as a predicate questions relating to her testimony in the Lee case, which showed that it was materially different from that which she was then giving. A party has no right to impeach his own witness, nor to show contradictory statements by her. He may, when taken by surprise, prove by her that before using her as a witness she had made a different statement to him. This is merely to refresh her testimony or justify him in putting her up as his witness to that fact. Gandy v. State, supra; White v. State, 87 Ala. 24, 5 So. 829; Griffith v. State, 90 Ala. 583, 8 So. 812; Thomas v. State, 117 Ala. 178, 23 So. 665; Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867; Peterson v. State, 227 Ala. 361, 369, 150 So. 156; Greenleaf on Evidence, § 444.

No such situation here exists. The effort shown on her cross-examination made by plaintiff was to impeach her as a witness for defendant, and has no place in her testimony when it is offered by plaintiff on the subsequent trial of the same suit, after her death. Such cross-examination made by plaintiff, legal when she was the defendant's witness, was illegal when she became plaintiff's witness. Gandy v. State, supra; Barker v. Bell, supra.

■ Plaintiff should have offered that part of her testimony, if he wanted it, which did not contain the impeaching predicate. Curtis v. Parker & Co., 136 Ala. 217, 33 So. 935. Being offered as a whole, when some of it was patently illegal, the whole could without error be excluded for illegality; otherwise illegal evidence could be made available. Therefore there was no error in sustaining the objection to that evidence offered in its entirety. The party against whom it is offered is entitled to it all, if he requires it. Magee v. Doe ex dem. Hallett, 22 Ala. 699 (8), 720. This was ground numbered 56 of the motion for a new trial, one of those on which the court bases its judgment granting the new trial.

■ We do not think the testimony so offered was subject to the other grounds of objection, not considering for the time its want of beneficial effect to plaintiff had it been introduced. The fact that it was originally taken for defendant is not a valid ground of objection. Crary v. Sprague, supra; House v. Camp, supra; Stewart v. Hood, 10 Ala. 600, 607; Edgar v. McArn, 22 Ala. 796, 812 (6); Jewell v. Center, supra; Fountain's Adm'r v. Ware, supra; Curtis v. Parker & Co., 136 Ala. 217, 33 So. 935.

Since defendant examined the witness on the trial, it is immaterial whether it was direct or cross, so far as this question is concerned. 3 Wigmore on Evidence p. 80; 22 Corpus Juris 427 (58); Roberts v. Gerber, 187 Wis. 282, 202 N.W. 701; Stewart v. Hood, supra; Fountain's Adm'r v. Ware, supra.

■ The two other grounds of the motion for a new trial (57 and 58) which the court held should be sustained related to the offer of plaintiff to introduce separately those portions of his cross-examination of the witness on the former trial which related to her testimony in the Lee case different from that which she was then giving, and different from Mr. Mainard's testimony on this trial. Separately considered, it only could be treated as an offer to prove her testimony in the Lee case. That was a suit for damages for the death of the wife, this was for the death of the husband. The parties were not the same in substance or effect. This is a requisite to its admissibility. Hines v. Miniard, 208 Ala. 176, 94 So. 302; Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Alabama Consol. C. & I. Co. v. Heald, 171 Ala. 263, 55 So. 181; Smith v. Keyser, 115 Ala. 455, 22 So. 149; Turnley v. Hanna, 82 Ala. 139, 2 So. 483; Floyd v. State,

82 Ala. 16, 2 So. 683; Jeffries v. Castleman, 75 Ala. 262; Clealand v. Huey, 18 Ala. 343; 6 Michie, Dig. p. 529, § 440.

Plaintiff did not separately offer that part of the testimony of the witness given on former trial of this suit, which recited the facts of the occurrence. Such testimony was not apparently materially favorable to plaintiff, but rather unfavorable, it appears to us; and whether its exclusion, if it had been so offered, would have been prejudicial to plaintiff need not be considered.

█ It was discretionary with the trial court to permit plaintiff on rebuttal to offer further evidence of a legal sort on an issue on which both parties had presented their testimony. Mooneyham v. Herring, 204 Ala. 332, 85 So. 390.

█ And if the trial court had afterwards determined that the discretion had been improperly exercised, and that in the interest of justice he should have admitted the evidence, and for that reason granted the motion for a new trial, it would have been in his discretionary right to do so, subject to the review here which such ruling justifies. But that right does not exist when the evidence as offered was illegal, and subject to the objection made to it on that ground.

Moreover, the motion was not granted on a reversal by him of his exercise of a discretionary right, but the judgment recites that in sustaining the objection to the evidence of Mrs. Mainard on the former trial, grounds 56, 57, and 58, the court committed prejudicial error, and for that error granted the motion, but that the other grounds were not well taken. We do not agree that there was such error committed in sustaining that objection. We think that the court erred in granting the motion for a new trial on grounds 56, 57, and 58.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

On this application, appellant insists that the reason we assigned for holding that the trial court did not err in the first instance in sustaining the objection made by defendant was not properly matter for our consideration because no such ground of objection to the evidence was assigned by defendant on the trial.

█ When the court overrules an objection to evidence on special grounds assigned, which do not point out a valid objection, this court will not on review consider other grounds which might have been assigned, and which would have pointed out some legal objection. McWhorter v. Tyson, 203 Ala. 509, 83 So. 330; Koosa & Co. v. Warten, 158 Ala. 496, 501, 48 So. 544; Dixie Industrial Co. v. Bank of Wetumpka, 207 Ala. 293, 92 So. 786; McDaniel v. State, 97 Ala. 14, 12 So. 241; A. G. S. R. R. Co. v. Bailey, 112 Ala. 167, 20 So. 313; Sharp v. Hall, 86 Ala. 110, 5 So. 497, 11 Am.St.Rep 28; Holcombe v. State, 17 Ala.App. 91, 82 So. 630.

It is also true that when special grounds are assigned in objecting to evidence, and they do not point out a valid legal objection, but the court sustains the objection, on review this court will not ordinarily look around for other grounds to sustain the ruling. Oden-Elliott Lumber Co. v. Daniel-Gaddis Lumber Co., 210 Ala. 582 (16), 98 So. 730; Moseley's Adm'r v. Mastin, 37 Ala. 216; King v. Hill, 172 Ala. 4, 55 So. 205; Bibb v. Bonds, 57 Ala. 509; Adams v. Southern Railway Co., 166 Ala. 449 (10), 51 So. 987; Massey v. Smith, 73 Ala. 173. And will affirm it under those circumstances only when the evidence is patently illegal (Circuit Court Rule No. 33; O'Neal v. Lovett, 197 Ala. 628, 73 So. 329; Moseley's Adm'r v. Mastin, supra; Jordan v. Owens, 27 Ala. 152–156), and would be subject to general objection. Smith v. Woolf, 160 Ala. 644, 655, 49 So. 395; Dixie Industrial Co. v. Bank of Wetumpka, supra.

█ A general objection should be sustained if the evidence is illegal for any purpose, and cannot be made legal by other evidence or by otherwise framing the inquiry. Bennett v. Bennett, 224 Ala. 335, 140 So. 378; Williams v. Bolding, 220 Ala. 328 (7), 124 So. 892; Sanders v. Knox, 57 Ala. 80; Dixie Industrial Co. v. Bank of Wetumpka, supra; Bufford v. Little, 159 Ala. 300, 48 So. 697.

█ When the judge has sustained a general objection to evidence, the ruling will not ordinarily be reversed if there is any valid legal objection to it. L. & N. R. R. Co. v. Fleming, 194 Ala. 51, 69 So. 125; Feore v. Trammel, 213 Ala. 293, 104 So. 808.

In considering on review the order of the court granting a new trial because that court

concluded it had erred in sustaining objection to the evidence under consideration, the inquiry in connection with the ruling as to that evidence is whether it was error prejudicial to plaintiff to sustain the objection. This is not a situation where an objection by defendant is overruled, and he is seeking to reverse that judgment. When that situation exists, the rule is applicable that: "The initiative in excluding improper evidence is left entirely to the opponent, so far as concerns the right to appeal on that ground to another tribunal. The rule of evidence not invoked is waived." 1 Wigmore on Evidence (2d Ed.) p. 173, par. 18.

In Clark v. State, 217 Ala. 229, 115 So. 295, the court excluded evidence offered by defendant on a general objection by the state. Defendant appealed. The court held that the evidence was not competent; that the court would not have erred in excluding it without objection. Defendant therefore could not reverse the ruling.

■ So in this case, the court could have declined to admit the proposed evidence without objection if it was "plainly illegal or irrelevant," without committing an error on review by plaintiff. Under that postulate it was no more the right of the trial court to reverse itself on motion of plaintiff, than it would have been the right of this court to reverse it on appeal by plaintiff. When so, the trial court should not have reversed it on such motion, and the ruling in doing so would be reversible error on the appeal of defendant, consistently with the foregoing discussion.

So that as to grounds 56, 57, and 58, the questions depend upon whether the proposed evidence was "inherently" or "plainly" illegal.

Our discussion of the legality of the evidence in the opinion was with that in mind. For the reasons there stated, and to the evidence there mentioned, we think our view, there explained, is the proper legal interpretation of that situation.

We observed in our opinion that plaintiff offered the testimony of the deceased witness, which had been given in the Lee case, and the court sustained the objection, but that the ground of the motion on which the court acted did not relate to that evidence, except as it was a part of her evidence in this case. The motion for a new trial was granted on the ground that the court erred in sustaining objection to her evidence given on the former trial of this case. So that we confined our inquiry to that ruling.

But we noted the general rule that the parties were not the same in the two suits, since the Lee case was for the death of the wife, and this suit for the death of the husband, with different personal representatives, caused by the same act of defendant. We cited authorities to the effect that identity of parties is requisite to its admissibility.

[20] Counsel now call our attention to a rule well settled, and here applicable, that in granting a motion for a new trial, this court will not, on review, confine the inquiry solely to the ground on which the motion was granted, but will affirm the judgment, so doing, though the ground on which the court acted did not justify the ruling, if it affirmatively appears that it should have been granted on some other ground. Conner v. Cent. of Ga. Rwy. Co., 221 Ala. 358, 128 So. 789; Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902; Choate v. Ala. Gr. So. R. R. Co., 170 Ala. 590, 54 So. 507.

Counsel for appellee now urge that there is a limitation upon the general rule cited by us, and that upon its consideration the court did not commit error in sustaining the motion for a new trial. Counsel also suggest a principle which we will not controvert, that there is no confession of reversible error by appellee in the failure to point out this as a reason for sustaining the judgment of the trial court. Mobile & B. R. R. Co. v. L. & N. R. R. Co., 172 Ala. 313, 54 So. 1002.

■ Without now undertaking to declare that appellee has the right to direct our attention, on rehearing, in all cases, to a question not urged on the submission, in this case the question was referred to in our opinion and authorities on it cited, and was pertinent to the question then under consideration, though the court did not grant the motion on those grounds, and appellee has the right to a reconsideration of it on rehearing.

In offering the testimony of the deceased witness given in the Lee case, in its entirety ground 53 and the parts of it mentioned in grounds 54 and 55 of the motion for a new trial, plaintiff stated to the court that the Lee case was for the death of Mrs. Scott, "who was killed by the same stroke of the engine, at the same time and place and under the same conditions and circumstances exactly as this man, her husband,

was killed, for whose wrongful death this suit was instituted"; that she was so examined in that case as a witness for the same defendant as in this case and touching the same matter here pertinent.

The cases cited by us sustain the requirement that there must be identity of parties or privies in the two suits to justify the use in one of the evidence of a witness, since deceased, taken when alive in the other.

A majority of the court, consisting of GARDNER, THOMAS, BOULDIN, and KNIGHT, JJ., adhere to an application of that principle to the evidence of the witness taken in the Lee case, and offered in this. They hold that because of a want of substantial identity of parties in the two suits, the evidence thus taken in that case is not admissible in this; and FOSTER, J., concurs with them in holding that the former opinion is otherwise correct, and that the trial court should not have reversed his ruling as to the evidence of the witness given on a former trial of this suit.

The application for rehearing is overruled.

GARDNER, THOMAS, BOULDIN, and KNIGHT, JJ., concur.

ANDERSON, C. J., and BROWN, J., not sitting.

FOSTER, J., dissents.

FOSTER, Justice (dissenting).

For the reasons which I will state, I cannot concur with the majority, and think the application should be granted.

In 3 Wigmore on Evidence, p. 76, it is said that this requirement as to identity of parties "is after all only an incident or corollary of the requirement as to identity of issue. It ought then to be sufficient to inquire whether the former testimony was given upon such an issue that the party—opponent in that case—had the same interest and motive in his cross-examination that the present opponent has."

It is an exception to the rule of hearsay evidence, and as to the identity of the parties in the two suits it is said in 1 Greenleaf on Evidence, p. 278, "all that is essential is that the present opponent should have a fair opportunity of cross-examination." Also section 553, p. 676. We have shown that is satisfied when such opponent introduced the witness, since deceased, and examined him.

Many illustrations are given in cases where there was no privity. In re Durant, 80 Conn. 140, 67 A. 497, 502, 10 Ann.Cas. 539, there were disbarment proceedings of an attorney. He was not a party to a divorce suit, but he, as attorney for one of the parties, cross-examined a witness in respect to her testimony concerning a transaction in which the attorney participated, and on which the disbarment proceeding was founded. Her testimony, so taken, was offered against the attorney in that proceeding after her death. The objection was made as to a want of identical parties. The court thus treated the question: "The requirement of an identity of parties is only a means to an end. This end was attained when the defendant availed himself of the unrestricted opportunity to cross-examine Mrs. Delkescamp. He was then fully aware of the importance to him in his professional capacity of her damaging disclosures. He had been forewarned of what might be expected from her, that her assertions might furnish the basis for disbarment proceedings against him, and had had ample opportunity to prepare to put her statements to the test of such an examination as he might think desirable. Under such conditions, to now say that the tests which the law prescribes for his protection against the witness' then assertions were not, for the purposes of such a disciplinary proceeding like that before us, fully satisfied, would be to dispense with common sense in the application of the rule invoked and to lose sight of its spirit and purpose in a blind adherence to the letter of some attempted expression of it. Wigmore on Evidence, § 1377."

In the case of Minea v. St. Louis Cooperage Co., 179 Mo.App. 705, 162 S.W. 741, a father sued for damages for the loss of an infant's services for personal injuries while employed by defendant; it was held the evidence for defendant of an officer of defendant, given on a trial of a different suit by the employee himself, a minor suing by the father as next friend, was admissible as introduced by plaintiff, since the rule against hearsay evidence is mainly on the ground that there had been no opportunity to cross-examine the declarant, citing Jones on Evidence and Greenleaf on Evidence. I also cite Hartis v. Charlotte Electric R. Co., 162 N.C. 236, 78 S.E. 164, Ann.Cas. 1915A, 811, note page 814, in which the opposite views are stated and argued.

Section 1179 of Jones on Evidence (2d Ed. Revised and Enlarged) p. 2159, note 5, contains a citation of many similar cases; also, there is cited Andricus' Adm'r v. Pineville Coal Co., 121 Ky. 724, 90 S.W. 233, in which an administrator of two different persons had two different actions arising out of the same occurrence. It was held that there was a sufficient identity of parties and issues in the two actions to sustain application of the rule. Mention was made of the fact that the same person was administrator for both. But when the evidence was taken by defendant in such a situation, and the plaintiff in the other suit offers it against the same defendant for a death caused by the same occurrence, we cannot see that it is material whether the administrator of the two persons was the same or not. If the evidence were offered by the defendant against the plaintiff, the fact that the administrators were different might lead to a different result. There the person against whom it was offered would not have had the right to cross-examine in the first instance.

And so in a civil action the testimony of absent witnesses, given in a criminal case growing out of the same transaction, was held admissible since defendant had the right to full cross-examination. Kreuger v. Sylvester, 100 Iowa, 647, 69 N.W. 1059; Charlesworth v. Tinker, 18 Wis. 633.

We have not had a case cited which is on all fours with the situation here presented. But I cannot distinguish it in principle from those cited, and the conclusions of the text-writers. The issues are the same in both cases, except that in the Lee case there was no question of contributory negligence. But the evidence of the deceased witness did not go to that question. The matter as to which she testified in the Lee case had the same materiality in this case. This defendant was defendant there, and is the party who offered her as a witness, and examined her in the Lee case, and therefore has all the safeguards intended to be protected by the exception to the rule, excluding hearsay evidence.

We are not called upon to apply it where the defendant in such a situation is offering it against one who was not a party to the suit in which the witness was examined, either in a personal or representative capacity. When there are different personal representatives, and the evidence taken in one is offered by defendant in the suit of the other, the latter is in position to claim that he, in no capacity, has had the privilege of cross-examination. Each such representative has his respective duties in that capacity. The cross-examination by one is not an exercise of that right by the other. But when the representative of each is the same person, the right is vested in him, and usable against him in either capacity. Likewise, when they separately sue defendant for separate claims resulting from the same act, and defendant introduces and examines a witness of equal materiality in both suits, and the witness dies, we think that the plaintiff in the other suit against the same defendant for the same act may use the evidence of the witness thus previously taken. A different holding would fail to carry the principle to its logical conclusion.

By reason of that situation, and for the grounds 53, 54, and 55 of the motion for a new trial, to the effect that the court had erroneously sustained objection to the evidence of the deceased witness in the Lee case, I think the court should not be held to have committed reversible error in granting the motion.