# Raisler *v.* Oliver & Co.

*Action Against Postmaster for Negligent Loss of Money in Registreed Letters.*

1. *Postmaster liable for negligence of clerk employed independent of lawful authority.*—A postmaster who employs an assistant, independent of express authority, and who is paid out of the postmaster's own means, is liable for the misfeasance of such assistant as any private person would be for the acts of his clerk.

2. *Presumption in favor of ruling of lower court.*—In an action against a postmaster for money lost in registered letters, in the absence of evidence to the contrary, the appellate court will presume that the assistant who received the packages, was employed by him without express authority of law.

3. *Postmaster responsible only for culpable negligence.*—In such action the burden of proof is on the plaintiff to show culpable negligence in the postmaster resulting in the loss of the registered matter, but if the evidence tends to show negligence in more ways than one, it is

Vol. 97.

[Raisler v. Oliver & Co.]

not incumbent on the plaintiff to satisfy the jury of the particular act of negligence causing the loss.

4. *Admissions against interest.*—A statement by the defendant to a witness that it might have been through his (defendant's) negligence that the letters were lost, is relevant testimony in an action for negligent loss of letters by a postmaster.

5. *Acts of agent.*—In such case, testimony that the assistant of the postmaster registered the letters, is competent.

6. *Competency of assistant.*—But evidence of the prudence, competency and carefulness of such assistant is irrelevant.

7. *Jurisdiction of State courts.*—Whenever a legal right arises, and the remedy is not limited to the Federal Courts, the courts of the State, if competent to administer justice, have jurisdiction of the subject matter.

APPEAL from Limestone Circuit Court.

Tried before Hon. H. C. SPEAKE.

This action was brought by W. L. Oliver & Company, against Charles W. Raisler to recover one hundred, fifty-nine dollars and twenty cents, the contents of two lost registered letters. The complaint contained two counts; the first after averring that the defendant was postmaster at Athens, Alabama, and that plaintiff registered with and handed defendant the two letters containing the money, further alleged: "That the defendant, by or through his negligence, carelessness and fault, failed to make delivery of said letters to said postmaster or messenger on said car; whereby said United States currency, the property of the plaintiffs, of the value of one hundred and fifty-nine dollars and twenty cents, was never received at its point of destination, was and is lost to plaintiffs, and plaintiffs were and have been put to great expense and trouble." The second count simply avers that the letters were lost, and omits all averments of negligence.

The defendant filed demurrers to each count as follows: "First, It shows no cause of action in that if defendant is liable at all, he is liable in his official capacity as postmaster, an officer of the United States, and hence, not liable in this action. Second, because plaintiff's complaint is brought against Charles W. Raisler, as an individual, and seeks to fasten liability upon him as a postmaster in his official capacity. Third, because there is a repugnance between the party made defendant in plaintiff's complaint, and party sought to be charged with liability. Fourth, it appears from the allegations of plaintiff's complaint that the defendant, if liable at all, is liable as postmaster, and not as an individual." The court overruled the demurrers to the first count and sustained them as to the second count. The plaintiff introduced a witness who testified that he regis-

[Raisler v. Oliver & Co.]

tered with one Cain two letters; that defendant was busy at
the time and instructed said Cain to register the letters.
Plaintiff's testimony further tended to show that said letters
contained one hundred and fifty-nine dollars and twenty
cents, that they were never received by the persons to whom
they were addressed, and their contents were lost to plain-
tiff. One, Lentz, testified that after the loss was discovered,
defendant said to witness "that it might have been through
my negligence that the letters were lost." There was testi-
mony that the postoffice occupied a space nine by five feet
in the rear portion of a building; and there was a back door
opening on this space, near which people were in the habit
of passing, and registered letters were put in a safe, which
sometimes stood open in office hours. The defendant ob-
jected separately to each part of this testimony. The
defendant introduced witnesses to prove that Cain who regis-
tered the letters was a careful, prudent and competent man,
and also offered to prove by a postoffice inspector that he had
investigated the loss of the letters and could find nothing
wrong in connection with their loss. On objection of plaintiff,
court excluded each portion of the evidence so offered by the
defendant.

It was in evidence that the letters had never been deliv-
ered to the railroad mail messenger.

The defendant excepted to the refusal of the court to give
the following charges: "(1) If you believe, from the evi-
dence, that the plaintiff has not shown how the loss occurred,
then you must find for the defendant." "(2) If you believe,
from the evidence of Mr. Cain, that, to the best of his
knowledge and belief, Capt Raisler was not present when
he (Mr. Cain) received the letters from Mr. Goode, and if
you believe, from the evidence of Capt. Raisler, that he did
not see Mr. Goode when he registered the letters with Mr.
Cain,—Mr. Goode's evidence that Capt. Raisler was present
being the only evidence to the contrary; Mr. Cain, Capt.
Raisler, and Mr. Goode remaining unimpeached, then the
preponderance of evidence is that Capt. Raisler was not
present at the time of such registering, and you are entitled
to believe that Capt. Raisler knew nothing of said letters
being registered, at the time of said registering."

W. T. SANDERS and D. D. SHELBY, for appellant, insisted
that the demurrer to the first count ought to have been sus-
tained, citing *Connell v. Voorhees*, 13 Ohio 542; *Richmond v.
Long*, 17 Gratt. 378; *Dunlap v. Monroe*, 7 Cranch, 342; 1 Am.
Leading Cases, 785; *Keenon v. Southwörth*, 110 Mass. 474;

[Raisler v. Oliver & Co.]

*McCoy v. McKown*, 26 Miss. 487; *Foster v. Metts*, 55 Miss. 77; *Lane v. Cotton*, 1 Ld. Raymond, 646; *C. R. R. v. Lamply*, 76 Ala. 357; that the burden was on plaintiff to show the particular act of negligence causing the loss.—6 Barb. 632; *Whitfield v. LeDespances*, Cowper 765.

R. A. McCLELLAN, for appellee, insisted that a postmaster was liable for misfeasance, citing 12 How. 284; 93 U. S. 130; 1 Comstock (N. Y.) 537; 96 U. S. 727; Bishop on Non-contract Law, 22, 26, 132, 1197, 770, 42 Am. Dec. 206; 39 *Ib.* 224; 53 *Ib.* 727; 14 Am. Rep. 613.

COLEMAN, J.—The plaintiffs, Oliver & Co., sued Raisler to recover damages sustained in consequence of the loss of two registered letters delivered at the postoffice to defendant who was postmaster at Athens, Ala., to be forwarded by mail to certain parties at Nashville, Tenn. It is averred that the loss was the result of the culpable negligence of the defendant.

The law is well established, that the postmaster-general is not responsible for the negligence of postmasters or their deputies, or such assistants. Public policy requires the recognition and application of this rule. We think upon sound principles of law and supported by many authorities that deputy postmasters are held liable for losses and injuries caused by their own defaults and negligence.—Story on Bailments, § 463; *Lave v. Cotton*, 1 Ld. Raymond, 646; Story on Agency, § 319 b.; 2 Wait's Actions & Defenses, 15; Raymond Rep. Vol. 1 p. 646; 2 Kent Com. § 610; *Central R. R. Co. v. Lampley*, 76 Ala. 364; *Whitefield v. DeSpencer*, 2 Cowper, 754; *Teal v. Felton*, 12 How. U. S. 285; *Schroyer v. Lynch*, 8 Watts. Rep. 454; *Claflin v. Hauseman*, 93 U. S. 130.

It would seem from these authorities and others which might be cited that a postmaster is not responsible for the defaults or misfeasance of his clerks or assistants, although appointed by him, and under his control, unless it be shown that the postmaster was negligent in not exercising proper care and prudence in the selection of suitable and competent persons to perform the duties of clerks or deputy assistants, or unless it be shown that the postmaster himself was negligent in the duty resting upon him to properly superintend such clerks or assistants in the performance of the particular acts or duty, the doing of which or the omission to do which, caused the loss and injury.—2 Kent, § 611; Story on Bailments, § 463; *Keenan v. Southworth*, 110 Mass.

474; Story on Agency, § 319 a.; 14 Amer. Rep. 613; *Dunlap v. Monroe*, 7 Cranch, 242.

The exemption from liability of the postmaster for the defaults and misfeasance of his clerks and sub-assistants is available to the postmaster only in cases where such clerks or sub-assistants are appointed in pursuance of some law expressly authorizing it, so that by virtue of the law and the appointment, the appointees become in some sort public officers themselves.

The rules and regulations of the postoffice department provide for employment of clerks and assistants when necessary for a proper and speedy discharge of the business of the office, and when made in pursuance of such rules and regulations, it may be the postmaster himself is not responsible for the defaults of his clerks and assistants, unless under proper averments, it be shown there was negligence in their selection or superintendence, as we have stated above. Under the view we take of the evidence, these principles do not necessarily control the present case.

A postmaster who employs a clerk or assistant independent of express authority, and who is paid by him out of his own salary or means, is liable for the default or misfeasance of his clerk or assistant, as any private person would be for the acts of his agent, or employe. The doctrine of *respondeat superior* applies in such cases. There is nothing in the record to show that the employment of Cain was not of this latter character, and if we deemed it necessary, in order to sustain the rulings of the trial court, we would presume that his employment by Raisler, the postmaster, was merely to assist him as an individual in the discharge of his official duties.—76 Ala. *supra*, 365–6.

It may be stated as a general rule that whenever a legal right arises, and the State Court is competent to administer justice the right may be asserted in the State Court, although the Federal Court may have jurisdiction of the same question, subject, however, to the proviso that there is no law limiting jurisdiction to the Federal Courts.—*Claflin v. Hauseman*, 93 U. S. Rep. 130, 136; *Teal v. Felton*, 12 How. Sup. 284.

The action of the trial court in overruling the demurrer to the first count of the complaint, and its several rulings upon questions of evidence to which objections were reserved, are in accord with these principles, and are free from error.

The responsibility of a postmaster, for money or letters received by him in his official character, is not that of a com-

[Traweek, et al. v. Heard.]

mon carrier. Proof that the letters containing money were delivered to the defendant for registration, or to Cain, in his presence and by his direction, and the loss of the letters and money, without more, was not sufficient to authorize a recovery. The burden was on the plaintiff affirmatively to show culpable negligence, and such a state of facts as to authorize the jury to attribute the loss to such negligence. If there was evidence tending to show that the defendant was thus negligent in more ways than one, it was not incumbent upon the plaintiff to satisfy the jury of the one particular act of negligence which led to the loss, or to show who got the money. It was sufficient that the jury was reasonably satisfied that the defendant did not exercise that care and prudence in the discharge of his duties in regard to the letters as a reasonable and prudent man would in regard to his own business, and that such negligence was the cause of the loss or injury. As there were no exceptions taken to any of the instructions given by the court to the jury, we presume the court properly instructed the jury as to the burden of proof, and as to what was necessary to constitute culpable negligence on the part of the defendant. Under the foregoing rule, charge number one requested by defendant was properly refused. Charge number two invaded the province of the jury, and was properly refused. It was also objectionable as being argumentative. We find no error in the record.

Affirmed.