(113 So. 401)

### HACKNEY v. DUDLEY. (6 Div. 727.)

Supreme Court of Alabama. June 15, 1927.

1. **Highways** &#8258;184(1)—Complaint showing motor vehicles collided on Springfield pike near eastern limits of Birmingham held sufficiently certain as to place.

Complaint showing that plaintiff was traveling in an automobile truck on the public highway in Jefferson county on a public road known as Springfield pike, near eastern limits of city of Birmingham, known as Roebuck, *held* sufficient to inform defendant where collision occurred.

2. **Principal and agent** &#8258;14(1)—Evidence that defendant furnished automobile truck for use of joint enterprise held to show liability for negligence of truck operator.

In action for personal injuries in collision with plaintiff's automobile truck with an automobile truck operated by servant or agent of defendant, evidence that defendant · furnished truck to operator thereof for use in prosecution of a joint enterprise *held* to show defendant's liability for negligent conduct of the operator or his employees.

3. **Master and servant** &#8258;332(4)—Refusal of instructions that user of automobile truck was independent contractor held proper.

In action for damages from collision of plaintiff's truck with defendant's truck, where there was evidence that truck was being used by operator thereof to defendant's advantage, refusal of charges on theory that user of truck was an independent contractor and not defendant's agent was proper.

4. **Trial** &#8258;260(1)—Refusal of charges covered by given charges held not error.

Refusal of defendant's charges, which were covered by given charges, was not error.

5. **Trial** &#8258;237(6)—Refusal of charges that required jury to be satisfied of truth of averments of complaint instead of reasonably satisfied held not error.

In action for damages from collision of trucks, refusal of defendant's charges which required jury to be satisfied of the truth of the averments of the complaint instead of reasonably satisfied was not error.

6. **Evidence** &#8258;123(11)—Permitting plaintiff's witnesses to testify that user of truck after collision stated that he and son were working for defendant held not part of res gestæ, but hearsay.

In action for damages from collision between automobile trucks, court erred in permitting plaintiff's witness to testify that user of truck said after collision that he and his son were working for defendant, it not being part of res gestæ, but independent hearsay.

7. **Evidence** &#8258;242(2)—Agent's declarations are not competent evidence against principal unless made in prosecution of principal's business within scope of agent's authority.

An agent's declarations are not competent evidence against his principal unless made in the prosecution of the principal's business within the scope of the agent's authority and with reference to and explanation of the act of transaction in question.

8. **Appeal and error** &#8258;1050(1)—Error in admitting hearsay testimony of truck user's statements after collision held harmless, in view of testimony of defendant's ownership of truck.

In action for damages from collision between automobile trucks, error in admitting hearsay testimony that user of truck stated after collision he and his son were working for defendant *held* harmless, in view of testimony of relationship of joint enterprise between defendant and truck user.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Curtis Dudley against J. T. Hackney, doing business as J. T. Hackney & Co. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Statement by SOMERVILLE, J.:

The plaintiff claim damages of defendant for that an automobile truck in which he was

traveling on the public highways in Jefferson county, "namely, that certain public road known as Springfield pike, near the eastern limits of the city of Birmingham, Ala., known as Roebuck," was negligently run against or upon by an automobile truck then and there operated by a servant, agent, or employee of defendant, then and there acting within the line and scope of his employment, by, service to, or agency of the defendant, from which enumerated injuries proximately resulted to, plaintiff.

The second count is for wanton or intentional injury.

The evidence showed without dispute that the truck which ran into and injured plaintiff was owned by defendant, and was in the possession of, and being used and operated by, one P. H. Hambright, in the transportation and delivery of merchandise to customers in that vicinity, and that Hambright's son and a negro were in the car as his employees and assistants. The evidence is in conflict as to whether the son or the negro was driving the truck just at the time of the collision, and in conflict also as to which truck was negligently driven, and as to the negligence or contributory negligence of their respective drivers.

As to the business relations between the defendant and P. H. Hambright, the defendant testified:

"At the time, Mr. Hambright was operating this car, we furnished him the truck with no charges on the truck at all. We sold him his merchandise at cost, billing and giving him a week's credit. * * * The stuff was charged to him until Saturday. Then he checked in and turned in tickets; he made tickets. Then, we figure the selling price and cost price, and the difference was the gross profit, and he got one-third of the gross profit. That is all he received out of the profits. We settled with him once a week. Nothing was said about who was to drive the truck. We had nothing to do with that. If he wanted to drive it himself, it was all right, and if he wanted to hire a man it was all right. I paid for the gasoline. We furnished the truck, gasoline, and oil. He used my billing; used tickets we had; you had to bill it in order to keep track of it. * * * I did not direct to whom he sold the goods, or where he sold them. * * * He went where he pleased, and sold to whom he pleased. * * * If he sold no goods at all and made no profits, he would get nothing. Once in a while we would let him turn in stuff he could not find a sale for; if it was highly perishable, we would let him sell it or throw it away. It came off the gross profits."

Defendant's shipping clerk, Hill, testified:

"I checked him (Hambright) in every day and checked him out every day. I check him in every Saturday. The stuff he had left over, he brought in, and checked it back every Saturday; checked it back at the price it was charged out to him. Mr. Hambright got one-third of the profits."

216 ALA.—26

Over defendant's objection the trial court allowed the plaintiff and two of his witnesses to testify that just after the collision Hambright stated that he and son were employed by defendant, and that they were working for defendant.

The trial judge refused to instruct the jury affirmatively for defendant, and refused also to give a number of requested charges framed on the theory that Hambright was an independent contractor, and that defendant had no control over the manner and means of his performance of his work, and predicating nonliability of defendant under these conditions.

The jury found for the plaintiff, and there was judgment accordingly.

Logan & Merchant, of Birmingham, for appellant.

A complaint should set out definitely the place of injury. L. & N. v. Whitley, 213 Ala. 525, 105 So. 661; A. G. S. v. Sheffield, 211 Ala. 250, 100 So. 125; West Ry. of Ala. v Turner, 170 Ala. 643, 54 So. 527. Authority of an alleged agent cannot be proven by his own declarations. Gambill v. Fuqua, 148 Ala. 448, 42 So. 735; Alexander v. Alabama West R. Co., 179 Ala. 489, 60 So. 295; 1 Mechem on Agency (2d Ed.) § 283; Story on Agency, 136. One compensated on a commission basis under contract for the performance of work, and who has full control over the place where he works and the manner and means of performing his work, is an independent contractor, and is alone responsible to third parties for acts done in the performance of such work. Aldrich v. Tyler Groc. Co., 206 Ala. 138, 89 So. 289, 17 A. L. R. 617; Repub. I. & S. Co. v. McLaughlin, 200 Ala. 204, 75 So. 962; Sloss Co. v. Gardner, 17 Ala. App. 363, 85 So. 40; Freeman v. Southern L. & H. Ins. Co., 210 Ala. 459, 98 So. 461; 18 R. C. L. § 243.

Barber & Barber, of Birmingham, for appellee.

Designation of the place of accident in the complaint is sufficiently definite. L. & N. v. Whitley, 213 Ala. 525, 105 So. 661; A. G. S. v. Sheffield, 211 Ala. 250, 100 So. 125. Acts and declarations of one whose agency is the subject of inquiry are competent, when shown in connection with other evidence of agency. McClung v. Spotswood, 19 Ala. 165; Campbell Motor Co. v. Brewer, 212 Ala. 50, 101 So. 748; Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502. If the elder Hambright was a servant of defendant, then defendant was responsible for the acts of third persons employed by Hambright to perform an act within Hambright's employment. T. C. I. Co. v. Hayes, 97 Ala. 201, 12 So. 98. Charges predicated on belief or satisfaction exact too high a degree of proof. Jefferson County v. Parker, 211 Ala. 289, 100 So. 338.

SOMERVILLE, J. [1] The amended complaint sufficiently informed the defendant of the place where the collision complained of occurred. Bugg v. Green (Ala. Sup.) 110 So. 718,[1] where all the cases are reviewed. Moreover, the evidence shows that the defendant could not have been prejudiced even had the pleading been technically deficient in this respect.

[2] The defendant's testimony shows clearly and conclusively that, although the truck that injured plaintiff was in the custody of Hambright, and was driven and used by him, and that defendant exercised no control over the manner, or the occasions, or the details of its operation, yet defendant furnished the truck to Hambright for use in the prosecution of a joint enterprise for their common advantage, the profits of which were to be shared by them in preagreed proportions.

The case of Stroher v. Elting, 97 N. Y. 102, 49 Am. Rep. 515, perfectly illustrates the principle that governs. Affirming the liability of the defendant for injury by his wagon, done to the plaintiff while being driven by one McCann, the court, per Danforth, J., said:

"The team was owned by the defendant, its driver was one McCann, the business transacted with it was the carriage of passengers, and the defendant testifying, in his own behalf concerning the relation between McCain and himself said, in substance, that the arrangement was that he would furnish the team and equipments, and take care of them, and McCann gather the passengers and collect their fares, which were to be divided in the proportion of three-quarters to himself and one-quarter to McCann. In face of these facts the appellant contends that the relation was not that of master and servant, which may be conceded, and also argues that there was no partnership between them, and assuming that to be so, insists that there can be no liability on the part of one for the other's act, and we must hold that way or the appeal fails. It is clear, however, that there was a contract relation between them. They undertook to engage together in a money-making occupation, to which one contributed as capital the horses, harness and wagon, and food and care for the team, and the other his personal services. The reward of each was to be derived from the avails of the business as such, and not by way of compensation either for services or use of property. As to third persons, therefore, within rules too well settled to permit discussion, each became the agent of the other in the prosecution of the common enterprise, and liable for his omissions and faults in regard thereto. Champion v. Bostwick, 18 Wend. 175 [31 Am. Dec. 376]; Legget v. Hyde, 58 N. Y. 272; same case, 17 Am. Rep. 244; Roberts v. Johnson, 58 N. Y. 613."

The case of Bonfils v. Hayes, 70 Colo. 336, 201 P. 677, is in accord. See, also, 33 Corpus Juris, 873, § 102. Our own case of Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, is distinguished from the instant case in that there the negligent operator of the car himself owned and maintained it, and there was no joint enterprise prosecuted by him for himself and the defendant. So of the other cases cited by appellant.

Our view of the matter is that on the undisputed evidence defendant was liable for the negligent conduct of Hambright, or his employees (Tenn., etc., Co. v. Hayes, 97 Ala. 201, 12 So. 98), in the operation of this truck, and that the trial court might have properly instructed the jury to that effect, submitting to them only the questions of negligence, contributory negligence, and damages.

[3] From this it results that the several charges predicated upon the theory that Hambright was, or may have been found to be, an independent contractor and not an agent, were properly refused.

[4, 5] The other charges refused to defendant were either covered by given charges, or were bad in form, in that they required the jury to be satisfied of the truth of the averments of the complaint instead of reasonably satisfied.

[6, 7] The trial court erred in permitting witnesses for plaintiff to testify that Hambright said just after the collision that he and his son were working for defendant. This was objectionable because it was no part of the res gestæ of the collision, but was independent hearsay merely. An agent's declarations, of any sort, are not competent evidence against his principal unless made in the prosecution of the principal's business, within the scope of the agent's authority, and with reference to and explanatory of the act or transaction in question. U. S. C. I. P. & F. Co. v. Caldwell, 208 Ala. 260, 94 So. 540; United Naval Stores Co. v. Pugh, 156 Ala. 369, 374, 47 So. 48. Several of our cases have possibly overlooked this qualification in applying the rule, but the fact of agency must be shown, as other facts are shown, by competent legal evidence, and not by hearsay.

[8] But our conclusion as to the legal effect of defendant's testimony renders harmless the admission of the hearsay statements, since they could not have affected the result.

We find no error prejudicial to appellant, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

[1] 215 Ala. 343.