34 So.2d 608

### WALKER et al. v. JONES.
### 6 Div. 437.

Court of Appeals of Alabama.

Oct. 28, 1947.

Rehearing Granted Dec. 16, 1947.

Further Rehearing Denied Jan. 13, 1948.

Ward & Ward, Tom B. Ward, Sr., and
Tom B. Ward, Jr., all of Tuscaloosa, for
appellants.

Davis & Bealle, of Tuscaloosa, for appellee.

**HARWOOD, Judge.**

In the suit below the plaintiff claimed of the defendants damages accruing under the Emergency Price Control Act of 1942 as amended by the Stabilization Extension Act of 1944, 56 Stat. 23, 56 Stat. 765, 58 Stat. 632, 50 U.S.C.A.Appendix, §§ 901 to 946. The damages allegedly accruing because of the claimed purchase of an automobile from the defendants W. W. Walker and Mrs. Frances Y. Walker, doing business as the Walker Motor Company, a partnership, the sale allegedly being made by the defendants M. E. Walker and Frank J. Gary as agents of Walker Motor Company. Counts 3 and 4 of the complaint allege the sale to have been made by D. L. Graham. The court granted Graham's motion to exclude the evidence as to him, and also gave at his request a written affirmative charge in his favor. Further the jury rendered a verdict in favor of Graham.

All the other defendants filed demurrers to the complaint. The only grounds of the demurrer which we think require discussion are grounds 5, 6, and 7, which set out that the complaint shows that the plaintiff is attempting to recover a penalty imposed by a foreign jurisdiction, to wit: The United States of America.

The portions of Section 205(e), 50 U.S.C.A.Appendix, § 925(e), pertinent to this opinion are as follows:

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of the trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that that violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

The appellant in his argument cites only the Rhode Island case of Robinson v. Norato, 71 R.I. 256, 43 A.2d 467, 162 A.L.R. 362. This case holds that the provisions of Section 205(e) now being considered are penal in an international sense within the rule that a penal statute of one jurisdiction will not be enforced in another, and further, that while in the sense of public international law the several states of the Union are neither foreign to the United States, nor to each other, they are foreign in the first field of private international law.

In our opinion the doctrine of the Robinson case, supra, is not in accord with

the developing, and developed, doctrine of a majority of the courts that have considered the enforcibility of federal penal provisions in state courts. There can be no doubt but that Congress, by the language employed in Acts in question has invited the state courts in this instance to exercise jurisdiction if they see fit. "A state court, in conformity to state policy, may, by comity, give a remedy which the full-faith and credit clause does not compel." Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 231, 80 L.Ed. 220.

In a masterful opinion, in which innumerable decisions are reviewed, Mr. Justice Brand, of the Supreme Court of Oregon, in Bowles v. Barde Steel Co., 177 Or. 421, 164 P.2d 692, 162 A.L.R. 328, has shown that no foundation exists for denial of enforcement by a state court of penalty provisions in a Federal Statute, for the reason that federal laws, in their field of operation are the supreme law of the land, and the rule of conflict of laws (private international law) do not embrace the federal-state relationship. See also Regan v. Kroger Grocery & Bakery Co., 386 Ill. 284, 54 N.E. 2d 210.

State courts in the following jurisdic-dictions have taken jurisdiction of suits brought under the statute now in question, basing their assumption of such jurisdiction on various grounds, such as that no penalty is imposed, Whatley v. Love, La. App., 13 So.2d 719; or that the provisions are for the suit of a "civil" nature remedial of a private wrong, and therefore not penal, Schaubach v. Anderson, 184 Va. 795, 36 S.E.2d 539; that jurisdiction attaches if in addition to the "penalty" plaintiff seeks to recover a reasonable attorney's fee. Hilgreen v. Sherman's Cleaners & Tailors, 225 N.C. 656, 36 S.E.2d 252.

In Forsyth v. Central Foundry Co., 240 Ala. 277, 198 So. 706, 708, a case based on a claim for liquidated damages arising under the federal Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., our court, in considering the question of jurisdiction in a court of this state to entertain such action, wrote:

"The principle is well settled and thoroughly understood 'that lawful rights of the citizen, whether arising from a legitimate exercise of state or national power, unless excepted by express constitutional limitation or by valid legislation to that effect, are concurrently subject to be enforced in the courts of the state or nation when such rights come within the general scope of the jurisdiction conferred upon such courts by the authority, state or nation, creating them.' Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 598, 60 L.Ed. 961, [Ann.Cas.1916E, 505, L.R.A. 1917A, 86]; Pennsylvania R. Co. v. Puritan Coal Co., 237 U.S. 121, 35 S.Ct. 484, 59 L. Ed. 867; Galveston, H. & S. A. R. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L. Ed. 516; Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833; State of Missouri ex rel. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69, L.Ed. 247, 42 A.L.R. 1232; Raisler v. Oliver, 97 Ala. 710, 12 So. 238, 38 Am.St.Rep. 213; Middleton v. St. Louis & S. F. R. Co., 228 Ala. 323(5), 153 So. 256; Lindsey v. Standard Accident Ins. Co., 230 Ala. 633, 162 So. 267; 14 Am. Jur. 440, 441, sec. 247, note 17 et seq.; 21 C.J.S.,Courts, § 526, p. 797, note 78, p. 798, note 4."

"It may also be that Congress cannot by declaration change the nature of a claim to one for liquidated damages when it is but a penalty. But when Congress does that very thing, though it is but a penalty, Congress manifests an unmistakable purpose to exclude it from the operation of a statute which applies to penalties and not to a claim for liquidated damages."

"The laws of the United States are as much a part of the law of Alabama as its own local laws. Blythe v. Hinckley, 180 U. S. 333, 21 S.Ct. 390, 45 L.Ed. 557."

It is our opinion that in view of the above expression of our Supreme Court that there can be no doubt of the correctness of the action of the lower court in overruling the demurrer to the complaint.

In the trial below the plaintiff proceeded on the theory, and introduced evidence seeking to show that Frank Gary and M. E. Walker were partners in, or the ostensible agents of the Walker Motor Company in the sale of the automobile to the plaintiff. One of the items of evidence introduced

over the timely objection and exception of the defendants tending to establish such relationship was the testimony of the plaintiff's witness, Bucky Bealle, an acquaintance of Gary's in no way connected with this transaction, to the effect that Frank Gary had told him that he and M. E. Walker and W. W. Walker each owned a one third interest in the Walker Motor Company. The grounds on which defendants' objection to the above line of testimony was based were: 1. That same was incompetent, illegal, irrelevant, and immaterial, and 2. That agency cannot be proven by statements of the alleged agent.

The second ground of the objection was well founded as to all the defendants except Gary himself, for as against the other defendants this testimony was heresay merely. The court therefore erred in overruling this objection as to all the dedefendants except Gary. An agent's declarations of any sort are not competent evidence against his principal unless made in the prosecution of the principal's business, within the agent's authority, and with reference to and explanatory of the act or transaction in question. United States Cast Iron Pipe & Foundry Co. v. Caldwell, 208 Ala. 260, 94 So. 540; Union Naval Stores Co. v. Pugh, 156 Ala. 369, 47 So. 48; Hackney v. Dudley, 216 Ala. 400, 113 So. 401.

The court did not err in overruling the objection in so far as Gary was concerned because of the general grounds assigned in ground 1. While it was brought out in the cross examination of the witness Bealle that he did not know when Gary had made the statement to him, and therefore such statement may have been incompetent because of the time at which it was made, no error results in overruling an objection based on general grounds unless the evidence is illegal for any purpose, and cannot be made legal by other evidence or by otherwise framing the question. Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572, and cases therein cited. If the objection had particularized the failure of the question to show the statement was made within the proper period of time to make it legal evidence, then the plaintiff would have been apprised of such defect and would have had the opportunity of correcting such defect and removing the objection by supplying such evidence.

Appellants Propositions 1 through VI pertain to assignments of error in reference to permitting the plaintiff to show that W. W. Walker was under an injunction issued by the Federal District Court enjoining him from selling automobiles at prices in excess of prices as fixed by O. P. A. regulations.

Gary disclaimed any knowledge of the injunction. We cannot see that the plaintiffs could have been in anywise injured by Gary's reply. The only other witness testifying to the existence of the injunction was W. W. Walker, who stated that he was so enjoined at the time of this transaction. We do not think that the court erred in admitting such testimony. The identical questions involved in this situation were discussed in the case of W. W. Walker and Frances Y. Walker, partners doing business under the partnership name of Walker Motor Co. v. Bailey, ante, p. 284, 33 So.2d 891, which opinion is being handed down by this court today.

It is our opinion that clearly a jury question was created by the evidence presented as to whether Gary actively participated in the sale of this automobile and therefore the court properly refused defendants' requested written charges Nos. 1 and 2, which in effect were, general affirmative charges in Gary's favor. The other refused written charges of which the defendant Gary could complain were in our opinion properly refused as not stating correct principles of law, or were covered by the oral charge of the court.

For the reasons above stated it is our opinion that this cause must be reversed and remanded as to the defendants (appellants here) W. W. Walker and Frances Y. Walker, doing business under the firm name of Walker Motor Company, W. W. Walker and Frances Walker, individually, and M. E. Walker, but affirmed as to the defendant (appellant here) Frank J. Gary. It is so ordered.

Reversed and remanded as to W. W. Walker and Frances Y. Walker, doing business under the firm name of Walker Motor

354

Company, W. W. Walker and Frances Y. Walker, individually, and M. E. Walker.

Affirmed as to Frank J. Gary.

It is hereby ordered that the appellant Frank J. Gary, and the sureties on the appeal bond pay the judgment of the circuit court, ten per cent damages thereon with interest, and the costs accruing on said appeal in this court and in the court below.

### On Rehearing.

HARWOOD, Judge.

The appellant Frank J. Gary has filed an application for a rehearing, and the appellee, L. M. Jones, has also filed his application for a rehearing urging that this cause should be affirmed as to all of the appellants rather than affirmed as to the appellant Frank J. Gary only.

We have carefully considered the appellant's application for a rehearing, and have concluded that it is without merit and should be overruled. It is so ordered.

 The appellee, in his application for a rehearing, urges that error should not be charged to the lower court in admitting the testimony of the witness Bucky Bealle as to all of the defendants below, for the reason that there was no specific objection to the question for each defendant individually, and being admissible as to the defendant Gary, the court did not err in overruling the objection made generally.

Upon consideration we have concluded that the above argument is well taken. In Yarbrough et al. v. Armour & Co., 31 Ala. App. 287, 15 So.2d 281, 284, which was an action of assumpsit against Fred Yarbrough and Eugene Yarbrough who were sued as "formerly partners" doing business under the name of Yarbrough Brothers, there was testimony admissible against Fred Yarbrough but not against Eugene Yarbrough. A general objection was made during the trial to this testimony and by the trial court overruled. In holding that the lower court could not be put in error for this ruling this court said:

"No specific objection to the admission of the evidence as against Eugene Yarbrough was made during the trial and, un-

der the general rule, where the evidence elicited or sought to be elicited was in part relevant (certainly as to the other codefendant), the court will not be put in error for its admission under these circumstances. Jackson v. State, 31 Ala.App. 212, 14 So.2d 593, and cases cited."

In view of the above doctrine we conclude that we should not have held the lower court in error in admitting the testimony of the witness Bealle as to all of the defendants.

 In our opinion the evidence was amply sufficient for the jury to infer that all of these defendants were so connected in the sale of this automobile as to incur the liability imposed.

It follows therefore that no error can be charged to the lower court in refusing to give defendants' requested written charges Nos. 1 through 10, both inclusive, as these charges are in effect general charges in favor of the respective defendants.

 Defendants' requested written charges D, M, W, X, and Z were in our opinion correctly refused as not being a correct statement of the law involved.

Other points are raised in the briefs submitted. We do not consider them of sufficient merit to warrant further extension of this opinion.

We wish further to say that in the above opinion we noted that the appellant, in his argument that the courts of this State should not entertain this suit because it was an attempt to recover a penalty imposed by a foreign jurisdiction, towit, the United States of America, relied on the Rhode Island case of Robinson v. Norato, 71 R.I. 256, 43 A.2d 467, 162 A.L.R. 362.

In connection with our discussion of the above case, we now wish to cite the case of Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, in which the Supreme Court of the United States overruled the doctrine of the Robinson v. Norato case, supra, and held that the United States Constitution and the laws passed pursuant thereto are the supreme laws of the land, binding alike upon States, courts, and the people, anything in the Constitution or laws of any state to the contrary notwithstanding; that an established policy of a state against enforcement by its

courts or statutes of other states and the United States which it deems penal is not a valid excuse for the state to deny enforcement of claims growing out of a valid federal law, since the policy of the federal law is the prevailing policy in every state; and further that Rhode Island Courts could not refuse to enforce the Federal Emergency Price Control Act by declining to entertain a buyer's action for overcharge in the sale of an automobile because of its established policy against enforcement of statutes of other states and the United States which it deems penal, in view that such policy is contrary to the supremacy clause of the Federal Constitution and that the Rhode Island Courts have jurisdiction, adequate and appropriate under local law, to adjudicate such an action.

Since the appellee's motion for a rehearing is granted, and this cause affirmed as to all of the appellants it follows that all of the appellants and the sureties on their appeal bonds are liable for the payment of the judgment of the circuit court, ten per cent damages thereon with interest, and the costs accruing on appeal in this court and the court below, and it is so ordered.

Application of appellant, Frank J. Gary, for rehearing overruled and denied.

Application of appellee, L. M. Jones, for rehearing granted, and cause affirmed as to all appellants.