36 So.2d 556

**WALDEN v. STATE.**

**4 Div. 50.**

Court of Appeals of Alabama.
May 18, 1948.

Rehearing Denied June 15, 1948.

J. A. Carnley, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was by a jury found guilty under an indictment charging him with carnally knowing, or abusing in the attempt to carnally know, a girl over 12 and under 16 years of age, an offense denounced by Section 399, Title 14, Code of Alabama 1940.

The prosecutrix was 12 years and 1 month of age. The appellant was her uncle. She had lived in appellant's home since the death of her mother in 1940. To detail the evidence presented would serve no useful purpose. The appellant's testimony constituted a complete denial of abuse of the prosecutrix in any manner. Clearly the tendency of the evidence presented by the state, if believed by the jury under the required rule, justified their finding that all of the required elements of the offense charged were present, and fully supported the verdict of guilty. We are of course bound by the jury's conclusions on these facts in controversy.

The court's ruling was invoked in only a few instances.

Appellant strenuously complains of the court's ruling admitting into evidence the panties worn by the prosecutrix at the time of the alleged act. In this connection the record shows the following:

"Q. Whose breeches are these? A. Mine.

"Q. Are those the breeches you had on at this time? A. Yes sir.

"Q. What is that on these breeches? A. Blood.

"Q. Did that blood get on these breeches after this thing happened? A. Yes sir.

"Mr. Paul: If the court please, we offer these in evidence, which have been identified by the witness.

"Judge Carnley: We object.

"The Court: Overrule the objection.

"Judge Carnley: We except."

The fact that the panties were blood-stained had a tendency to corroborate and reinforce the testimony of the prosecutrix as to what occurred. The panties, and their condition shed light upon a material inquiry and tended to throw light on the transaction at issue. They were therefore material and relevant evidence in this cause. Moore v. State, 30 Ala.App. 552, 9 So.2d 146; Allford v. State, 31 Ala.App. 62, 12 So.2d 404; Reedy v. State, 246 Ala. 363, 20 So.2d 528. We pretermit consideration of the sufficiency of the predicate laid for the introduction of this exhibit because of the absence of any grounds assigned to the objection interposed. No grounds being assigned the objection is insufficient to justify a reversal based on the ruling of the court in the premises. Circuit Court Rule 33, Code 1940, Tit. 7, Appendix; Carter et al. v. Gaines et al., 204 Ala. 640, 87 So. 109; Ellison v. State, 33 Ala.App. 405, 34 So.2d 185. Even if general grounds are assigned in support of an objection, no error results in overruling an objection so supported unless the evidence

is illegal for any purpose, and cannot be made legal by other evidence or by otherwise framing the question. Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572. Unless the objection particularizes the defect in the question the interrogator, nor the court, is apprised of such defect, and no opportunity is furnished to correct and remove such defect by reframing the question or supplying additional evidence. Walker v. Jones, 250 Ala. 396, 34 So.2d 614.

Sheriff H. D. Tillman, who had gone to appellant's farm and observed the scene of the alleged offense and the surrounding area, testified that he had farmed all of his life until six years ago. Appellant's motion to exclude this statement was overruled. Sheriff Tillman further testified, over objection of the appellant, that he could observe no difference in the stand of peanuts "on the hill," and in the area close to where the alleged offense took place. This testimony possessed some slight probative value in demonstrating the purpose of the appellant in the lower field.

Only general grounds were interposed in support of the objections and motions to exclude this line of testimony. What has been written above is applicable to the points thus raised by the court's rulings on Sheriff Tillman's testimony.

Some fourteen written charges were given the jury by the court at the request of the defendant below. Three such charges requested by the defendant were refused.

These requested refused charges are unnumbered. In the order of their appearance in the record of the first two of these charges were properly refused as they were covered in the full and adequate oral charge given the jury by the trial court, or by other written charges given at the request of the defendant, or are incorrect statements of the legal principles involved. The third such charge was properly refused because not predicated on the evidence.

In our opinion no error is present in this record materially affecting the substantial rights of this appellant. The cause is therefore due to be affirmed, and it is so ordered.

Affirmed.