46 So.2d 229

## JONES v. STATE.

2 Div. 796.

Court of Appeals of Alabama.

Nov. 22, 1949.

Rehearing Denied Jan. 31, 1950.

John W. Drinkard, of Linden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of the offense of grand larceny.

The evidence presented by the State, and undisputed, tended to show that this defendant took a cow belonging to James Turner, Jr., sold the same, and received the proceeds of the sale.

The only evidence presented by the defendant consisted of the testimony of his mother, Clarise Jones. She testified that at the time of this alleged offense she lived in close proximity to James Turner, Jr., and owned three head of cattle, one of which was similar in appearance to the cow owned by Turner, and around which this prosecution revolves. She further testified that prior to the date the Turner cow was taken she had given her son, the defendant, per-

mission to sell a cow, belonging to her, which he told her a day or two later he had done.

The State's evidence tended to show that the cow taken from Turner was branded with a "T" on the right shoulder. Clarise testified that none of the cows belonging to her were branded.

In rebuttal the State offered Mr. T. W. Shields, Sheriff of Marengo County, who testified that during his investigation of this offense, and after defendant had been arrested, he talked with Clarise Jones and she told him that she had never given the defendant permission to sell a cow.

■ In our opinion the tendency of the evidence presented by the State amply supports the verdict and judgment rendered.

No brief has been filed in appellant's behalf. We have however, consonant with our duty, carefully examined this record for errors. None have been found to justify a reversal of this cause.

■ It does not appear that during the testimony of Clarise Jones that any predicate was laid concerning any statements made by her to Sheriff Shields. Without such predicate, objections, if *properly grounded,* to the testimony of Sheriff Shields to the effect that in his interview with her she had stated that she had not given defendant permission to sell any of her cows, could not have been overruled without error. King v. State, 24 Ala.App. 267, 134 So. 133; Blevins v. State, 29 Ala. App. 218, 194 So. 697; Brown v. State, 32 Ala.App. 131, 22 So.2d 445.

■ However only general grounds were assigned to the rebuttal impeaching testimony of Sheriff Shields. The lower court will therefore not be put in error because of its action in overruling defendant's objections, as grounded, to such testimony. Where only general grounds are assigned in support of an objection, no error results in overruling it, unless the evidence is illegal for any purpose and cannot be made legal by other evidence, or by otherwise framing the question. Wigginton v. State, 17 Ala. App. 651, 87 So. 698; Walden v. State, 34 Ala.App. 29, 36 So.2d 556, certiorari denied 251 Ala. 144, 36 So.2d 558.

All other rulings by the lower court were in our opinion palpably correct, and no purpose would be served by repetition of the principles involved therein, these principles being well settled by prior decisions of the appellate courts of this State.

■ Defendant's written requested charge 2, being affirmative in nature, was properly refused under the developed evidence.

■ Charges 4, 7, and 8, requested in writing by the defendant, were refused without error, as all of these charges were adequately covered by the oral charge of the court, or by other written charges given by the court.

■ Being of the opinion that no error probably injurious to the substantial rights of this appellant infects this record, this cause is ordered affirmed.

Affirmed.