58 So.2d 138

**LEONARD v. STATE.**

**4 Div. 170.**

Court of Appeals of Alabama.

Jan. 8, 1952.

Rehearing Denied Feb. 5, 1952.

398

Jas. M. Prestwood and Baldwin & Baldwin, all of Andalusia, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The indictment against this appellant contained two counts. Count 1 charged larceny of three cows, and Count 2 charged appellant with buying, receiving, or concealing said cows, knowing them to have been stolen, etc.

The jury returned a general verdict of guilty.

The evidence presented by the State tended to show that three cows belonging to Mr. B. W. King were stolen on the night of 22 June 1949.

On the morning of 23 June Mr. King, after a search, found evidence indicating where some cows had been loaded in a truck. On the 25th of June he located one of his missing cows in the pasture of J. C. Clemmons.

Harry Adair testified that about 5:00 or 5:30 on the morning of 23 June 1949 the appellant, accompanied by a woman, brought three cows to the Ramsey Stockyards in Dothan. The appellant's truck was backed up to the cattle chute, and the cows were unloaded. The appellant then left and said he would be back later. Adair later had a boy tag the cows.

Mr. R. H. Ramsey, Jr., testified that the records of the stockyard show that on 23 June 1949 three cows were sold for L. L. Leonard, the appellant, and that one of these cows was sold to S. T. Jones.

R. H. Ramsey, Sr., testified that early in the afternoon on 23 June 1949 he gave a check covering the proceeds of the sale of three cows to a man who said he was L. L. Leonard. The check was made payable to L. L. Leonard. The man to whom he gave the check was accompanied by a woman. Mr. Ramsey did not personally know either the man or the woman. This check has never been presented to the bank for payment.

Mr. S. T. Jones testified that on June 23, 1949, he bought some cows from the Ramsey Stockyards in Dothan, and the next day some of these cows were sold to J. C. Clemmons.

J. C. Clemmons testified that on 24 June, 1949 he bought some cows out of the sale at which S. T. Jones sold cattle. These cows were later put in his pasture. The next day Mr. King came to his pasture and identified one of the cows bought at the Jones' sale as being his. After talking to the Sheriff Mr. Clemmons delivered this cow to Mr. King.

The appellant denied that he brought any cows to the Ramsey Stockyards on the day in question, or that he had at any time stolen any cows. The appellant further testified to facts tending to establish an alibi. The defense also presented several witnesses whose testimony was directed toward corroborating the appellant's alibi.

In rebuttal the State presented witness whose testimony tended to rebut and deny the appellant's alibi evidence.

During the examination of State's witness R. H. Ramsey, Jr., three sales tickets showing L. L. Leonard to be the owner of the cow, together with the weight and price, were introduced over defendant's objection. These tickets had been made out by the witness. (State's Exhibits 1, 2, and 3.) The grounds of defendant's objection was that no date was shown on the sales tickets. In response to a query by the court Mr. Ramsey testified that these tickets were for cows sold on 23 June 1949.

■ The sales tickets were material evidence in this case, and properly admitted.

■ The fact that the tickets were undated did not affect their competence as evidence. The weight to be accorded Mr. Ramsey's testimony that the tickets covered cows sold on 23 June 1949 was for the jury.

There was also introduced through this witness a pen tag of the stockyards showing that on 23 June 1949 "three head" were placed in pen 70 in the stockyard in the name of L. L. Leonard. The record does not disclose that any objection was actually interposed to this exhibit. (State's Exhibit No. 4).

During the examination of Mr. R. H. Ramsey, Sr., there was introduced over appellant's objection a carbon copy of the check given by Mr. Ramsey to some one purporting to be L. L. Leonard. This instrument bears date of 23 June 1949, and is in the sum of $200.62.

Mr. Ramsey, Sr., had previously testified that the check was in payment for three cows, and that it had never been presented to the bank for payment; and that the check was a permanent record kept at the stockyards.

■ The appellant objected to the introduction of the check on the ground that Mr. Ramsey did not know that the man to whom he gave the check was L. L. Leonard, and further that the check had not been presented to the bank for payment.

No merit attaches to either ground. Whether the man representing himself to Mr. Ramsey as L. L. Leonard was this appellant was for the jury.

■ Carbon copies are regarded as primary duplicate originals and may be introduced in evidence without accounting for the nonproduction of the original. See 20 Am.Jur. Sec. 427; also annotation beginning at page 1498 of 51 A.L.R.

■ The check was material as corroborating the other evidence introduced by the State as to the date that appellant brought three cows to the stockyards, and the date of the sale thereof. See Hosey v. Southport Petroleum Co. of Delaware, 244 Ala. 45, 12 So.2d 93. No error infected this ruling by the court.

On cross-examination it was developed that Mr. Ramsey had written all of the check except the signature, which was written by Mr. Ramsey's daughter, an office employee of the stockyard. Appellant's counsel thereupon moved to exclude the check from the evidence. No grounds were assigned in support of this motion.

■ Since the motion to exclude was general only, the trial court will not be placed in error in this instance. It is clearly inferable from the record that additional evidence was available to the State to have cured any defect arising from the introduction of this exhibit had such defects been pointed out to the court in support of the motion to exclude the exhibit. Louisville & Nashville R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Head v. State, Ala. App., 44 So.2d 441, 445; Walden v. State, 34 Ala.App. 29, 36 So.2d 556; certiorari denied 251 Ala. 144, 36 So.2d 558; Walker v. Jones, 33 Ala.App. 348, 34 So.2d 608; certiorari denied 250 Ala. 396, 34 So.2d 614.

There was also introduced in evidence a bill of sale bearing the same date as the check, showing the purchase price to be the same amount as appears on the check, and also bearing a number in the upper right-hand corner identical with the number on the check. This bill of sale covers the sale of three cows, with their respective weights and price. It was however unsigned, though Mr. Ramsey had testified that this bill of sale was made "the same way the check was."

The appellant objected to the admission of this exhibit solely on the ground that it was not shown that the man who "received" the bill of sale was the defendant.

■ What we have said above in reference to the admission of the check over appellant's objection on this same ground is equally applicable here.

Mr. King, a witness for the State, testified on direct examination that at the place where he discovered evidence indicating that cattle had been loaded into a truck that he noticed some tire marks and that he followed these marks or tracks to the highway. Over the appellant's objection this witness was further permitted to testify that he later saw tires on appellant's truck whose tread was similar to the marks he had previously observed.

It further appears that shortly after this ruling, and yet during the direct examination of Mr. King, the court instructed the jury that he was excluding the testimony of Mr. King relative to the tire marks. In view of this action by the court we pretermit consideration of the court's ruling admitting such testimony.

■ Appellant's counsel complains of the court's ruling on several questions propounded to the appellant during his cross-examination. We find in each instance, either that the question was not answered, or was answered in the negative, or that only a general objection was interposed. In none of such instances can error justifiably be predicated.

The record shows the following occurrences during the arguments of the Solicitor to the jury:

"In his opening argument to the jury, Mr. Tipler, Deputy Solicitor, made the following statement: 'He got out of jail and immediately after that his truck was burned.'

"Thereupon, the following colloquy took place:

"Mr. Baldwin: We object to that.

"The Court: Yes, sustain the objection.

"Mr. Tipler: I withdraw that statement.

"Mr. Prestwood: We move for a mistrial.

"The Court: Overrule your motion. The remark about the truck burning is excluded from your consideration and under no conditions will you consider that in your deliberations.

"Mr. Tipler: I withdraw that statement and tell you why. We don't want this case to go up to the Supreme Court and be sent back on something I have said.

"Mr. Baldwin: We object to that.

"The Court: I sustain the objection.

"Mr. Tipler: I withdraw that statement.

*        *        *        *        *        *

"In his closing argument to the jury, Mr. Boswell, the Solicitor, made the following statement: 'Gentlemen, Mr. Prestwood paid me a compliment by saying that I come by Samson and that I would check on this Dr. Pierce and had him up here if the woman had not been down there to see him. Well, I must confess I did stop by Samson, but there was no Dr. Pierce down there.'

"Mr. Prestwood: We object, if the Court pleases, to the Solicitor testifying and to his argument.

"The Court: Overrule it. It is replying in kind to Mr. Prestwood's statement in his opening argument.

"Further in his argument, the Solicitor made the following statement: 'It would have been my pleasure to have the doctor here if we could have found him.'

"Mr. Prestwood: We object to that statement.

"The Court: Overrule it. He is replying in kind to the argument of Mr. Prestwood in his opening argument."

As to the Solicitor's statement that appellant's truck was burned immediately after he got out of jail, we note that there was evidence tending to establish this fact. We think that clearly the Solicitor's argument was a fair inference from the evidence adduced. Even so, the court ruled completely in appellant's favor in this instance.

■ The Solicitor's statement as to why he was withdrawing his statement would better have been left unsaid, it being merely a gratuitous observation. Again the court sustained the appellant's objection to this statement. The jury most probably took the statement at its true worth, and were hardly misled by it. Certainly in view of the abundant tendencies of the State's case establishing the appellant's guilt beyond a reasonable doubt we are unwilling to predicate error on this occurrence.

■ As to the Solicitor's remarks made in the closing argument, the court stated he was overruling the appellant's objection because the Solicitor was replying in kind to argument made by appellant's counsel. Since the full arguments of counsel are not contained in the record, but only the portions above set forth, there is nothing to indicate any impropriety in the court's ruling, and nothing tending to overcome the presumption of correctness that we must accord the court's statements and rulings in the premises.

■ From an examination of this entire record it is our conclusion that it is free of error probably injuriously affecting the substantial rights of this appellant. This cause is therefore ordered affirmed.

Affirmed.