72 So.2d 120

### HENDRIX v. STATE.

8 Div. 392.

Court of Appeals of Alabama.

April 14, 1954.

R. L. Almon, Moulton, for appellant.

Si Garrett, Atty. Gen., Maury D. Smith, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of manslaughter in the first degree, having been tried under an indictment charging him with the murder in the first degree of J. W. Tidwell.

Since a denial of a motion by the appellant to exclude certain evidence, injected into the trial by a witness for the State, necessitates a reversal of this cause, we will refrain from setting forth the evidence except as may be necessary to illustrate the questioned ruling.

In the trial below the State offered Leon Posey as a witness for the purpose of showing a former difficulty between the appellant and the deceased, and also to show a threat made by the appellant concerning the deceased.

Mr. Posey testified that in December 1952 he had witnessed a difficulty between the appellant, who was Chief of Police of the Town of Town Creek, and the deceased, and that during this difficulty the appellant had pulled his pistol and pointed it at the deceased.

Mr. Posey further testified that a day or so following this incident the appellant came into his store and a conversation had ensued. In this connection the record shows the following:

"Q. Did Hendrix make any threat?

"The Court: Make any statement? A. Yes, sir.

"Q. At that time there regarding the deceased, J. W. Tidwell and the difficulty? A. Yes, sir.

"Q. Tell the jury what statement Hendrix made, if any at that time.

"Mr. Almon: We object.

"The Court: Objection overruled.

"Mr. Almon: We except. A. I said, 'I thought you was going to shoot that boy yesterday.'

"Mr. Almon: We move to exclude that.

"The Court: Motion overruled.

"Mr. Almon: We except. A. And he said, 'If I ever undertake to arrest him again, I'll carry him in or kill him.'

"Mr. Almon: We move to exclude that.

"The Court: Motion overruled.

"Q. 'If I ever undertake to arrest him again, I'll arrest him or kill him.'

"Mr. Almon: I objected to it.

"The Court: I overruled the objection.

"Mr. Almon: We except."

The appellant's motion to exclude the witness' alleged statement to appellant that: "I said, 'I thought you was going to shoot that boy yesterday'" should have been granted.

Its effect was to permit a pure conclusion on the part of one person to be used to establish the mental operation of a third person. Thus in two aspects the statement tended to violate fundamental evidential rules.

It is our further conclusion that the patent illegality of this evidence and its probable prejudicial effect prevents our application of the rule of error without injury. At any rate we are unable to justify an application of this doctrine in this instance after studious consideration.

Nor do we think that it can be rationally concluded that the statement by Posey as to his thoughts is so interrelated with the threat made by the appellant as that it can be said that the statement was necessary to illustrate and explain the threat. Certainly as the matter appears in the record the statement by Posey, and the threat by the appellant were elicited separately, and the threat could have been clearly shown by itself without the prejudicial and unresponsive statement volunteered by Posey.

■ We further note that no grounds were assigned in support of the motion to exclude. However, when the answer is unresponsive to the question propounded, and is patently inadmissible for any purpose, and obnoxious to all rules of evidence, a general motion to exclude will avail.

■ The situation is analogous to, and must be governed by the rules applicable to rulings on a general objection, or any objection supported by general grounds only. The rule in such instances is that if the evidence sought is patently inadmissible and illegal for any purpose, and cannot be made legal by other evidence or by otherwise framing the question, a general objection will suffice. Walker v. Jones, 33 Ala.App. 348, 34 So.2d 608; Walden v. State, 34 Ala.App. 29, 36 So.2d 556; Head v. State, 35 Ala.App. 71, 44 So.2d 441; Leonard v. State, 36 Ala.App. 397, 58 So. 2d 138.

Reversed and remanded.