127 So.2d 385

### C. B. DALRYMPLE

v.

### STATE.

### 7 Div. 632.

Court of Appeals of Alabama.

Feb. 21, 1961.

Loma B. Beaty, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty of the possession of prohibited alcoholic beverages.

The evidence presented by the State tends to show that several officers were parked off a road in DeKalb County. They observed a car drive past, and the officers drove in behind and the observed car speeded up. The officers turned on a red flashing light on their automobile. Beer bottles and a pasteboard carton were then seen in and along the road, though such objects had not been observed along the road as the officers had driven out some three to five minutes previously.

The pursued car was stopped after about half a mile and the appellant, who was driving, and three other men got out. Some of the officers remained with these men, and two of the officers went back along the road and found several bottles of beer, some broken beer bottles, and the pasteboard carton.

These two officers returned in about ten minutes to where the appellant and his companions were being detained.

According to the testimony of several of the officers, and after a full predicate as to

voluntariness had been laid, this appellant, upon the return of the officers with the beer found along the road, stated that the beer was his.

On cross-examination of one or more of the officers who testified for the State, it was developed that after the appellant had claimed ownership of the beer one of the officers stated to the appellant that if one of appellant's group did not claim the beer then all four men would have to be "taken in."

In his own behalf the appellant testified that when the two officers returned with the beer his group were told by one or more of the officers that if some one did not claim the beer all of appellant's group would be taken to jail. The appellant said he then stated that if some one had to be taken in to take him. He denied he had ever admitted ownership of the beer.

■ The contradiction between the testimony of the officers who were witnesses for the State, and the evidence presented by the defense, as to whether and at what time the appellant claimed the ownership of the beer merely raised a question of fact within the province of the jury to resolve.

No brief has been filed in appellant's behalf, but we gather from the record below that it was the contention of counsel for appellant in the trial that the alleged admissions of the appellant, testified to by the officers, were inadmissible because made under the threat that all of appellant's group would be arrested if one of the group did not claim the beer.

■ Even so, if a confession is made in response to a promise of a collateral benefit, with no assurance of benefit to the defendant in respect to the crime under investigation, such promise will not render the confession involuntary. Smith v. State, 247 Ala. 354, 24 So.2d 546.

■ During the direct examination of Mr. Joe Abbott, a deputy sheriff of DeKalb County, and a witness for the State, the record shows the following:

"Q. Well, did he (appellant) say anything about staying in jail that night, having to stay in jail that night?

"A. Something mentioned about if he could pay off and I think they told * * *

"Mr. Beaty: We move to exclude that statement about paying off.

"Mr. Tindle: That the defendant Dalrymple said.

"The Court: Overruled."

In this connection the defendant testified that after he had been taken to the jail on the night in question he asked if he might make bond, and was informed he could not until the next day.

Reverting to the motion to exclude the answer of Mr. Abbott as set forth above, it is obvious that it was unresponsive to the question propounded to him. There was inherent in the answer an implied admission of guilt by offer of compromise. As stated in Harrison v. State, 235 Ala. 1, 178 So. 458, 459:

"There is in criminal cases no species of evidence, the introduction of which is so restrained and guarded, as the admissions or confessions of the accused, whether expressed in words or to be implied from conduct. In civil cases, the rule of law is, that admissions, made with a view of an amicable adjustment, or compromise, are not, as evidence, admissible to affect the party making them. A party knowing himself to be suspected, or to be accused of a criminal offense, negotiating for the suppression of a prosecution, cannot expect that the negotiations will be favored, as negotiations for an amicable settlement of a civil controversy as favored. But such negotiations, *not embodying, or intended to embody a distinct admission or confession of guilt, which, free from the influence of hope or fear, it is not probable the accused would make, ought not to be perverted into evidence against him,*

*inviting the jury to infer from them an admission or a consciousness of crime."*

The true reason for such rule is that offers of compromise of criminal cases, particularly misdemeanors, may often spring from a preference to avoid the nuisance of a prosecution, a desire for peace rather than a confession of wrong doing. Harrison v. State, supra. To like effect see Roach v. State, 39 Ala.App. 271, 97 So.2d 837, though such offers are admissible if they embody an express admission of guilt.

In view of the contradiction between the evidence presented by the State, and that of the appellant, as to whether any admission of ownership of the beer had been made by the appellant, his case should not have been burdened with the evidence of an implied admission of guilt implicit in the answer of Mr. Abbott.

■ While no grounds were assigned to the motion to exclude, the testimony of Mr. Abbott was wholly erroneous, and could not have been made legal by other evidence, or by reframing the question. Under these circumstances the general motion to exclude suffices. Hendrix v. State, 37 Ala.App. 546, 72 So.2d 120.

Reversed and remanded.